Mr. Justice Lipscomb
delivered the opinion of the court.
The appellant instituted his suit against McNeill to recover a negro slave or his value in the possession of the defendant. McNeill answered that 'the slave was not the property of the plaintiff, but that he belonged to Boyce, from whom he had hired him. And he prays that the said Boyce be cited and made a party defendant. There next appears the petition of Boyce to be made a party defendant, on which there does not appear to have been any direct action of the court. But Boyce answers the petition of Legg, and from that time appears throughout the record as a codefendant with the other defendant, McNeill.
There was a good deal of testimony before the jury, and a verdict for the defendants and judgment thereon, from which the plaintiff appealed. The whole testimony seems to be embodied in the statement of facts sent up; but from the confusion in the record, it is really difficult to understand what is presented. It, however, appears to us that the most material points for our consideration are the following:
1st. "Was there error in permitting Boyce to become a joint defendant?
2d. "Was there error in permitting the testimony of McNeill, one of the defendants, to go to the jury?
3d. Is the verdict contrary to the evidence?
The first presents á question that has never been well settled in our practice. The bringing in a new party defendant in *430 suits under the common law practice, is thought to be confined exclusively to real actions where the tenant in possession cites his landlord, or the lessee his lessor, in warranty. In chancery, however, all parties having a direct interest in the matter in controversy can be made parties, either as complainants or defendants, and each may set up his own interest in opjiosition to the others, and claim a decree disposing of such interest.
In the state of Louisiana, like it is with us, they have no separate chancery jurisdiction, and their practice is consequently adapted to the exercise of jurisdiction over all rights, whether originating in principles of law or equity. The inquiry' there is never whether the party is in pursuit of a remedy that belongs to the exclusive jurisdiction of one or the other. Having no such distinction, the only -inquiry is, whether he has a right of which the court can take cognizance, and it is wholly immaterial whether it is founded in law or equity. Hence it is that in the courts of that stats nothing is more common than the intervention of a new party as warrantor or interven or. The rights of warrantors and in-tervenors to be made parties to a suit after it had been commenced, is expressly recognized in Louisiana both by the civil code and the code of practice. But independent of the express provisions regulating the introduction of such new parties into a suit, it is believed that the right to admit them would be the necessary result of their system. "Without such right the interest of parties not originally embraced in the suit would, if true, be most seriously affected. We have no express statute regulating the rights of -intervenors and warrantors, except in suits for land. If, therefore, such parties can be made, we must derive the authority from our peculiar system of jurisprudence. By our constitution, jurisdiction is conferred without distinction between equity and law; consequently, whenever we are called on to grant a remedy for enforcing a right, if the party is entitled to it on the princi pies of equity or law, we are bound to grant it. We have before adverted to the practice of courts of chancery in making parties; and we believe that it cannot be questioned that in chancery every one whose interest can be directly affected by the decree to be made can *431 be made a party to tlie suit for the purpose of having bis rights litigated. Having in our system but one form of action, we cannot perceive how the interests of parties not embraced in the suit can always be protected without allowing them to come in as intervenors or warrantors; this practice is believed to have prevailed in Louisiana before the adoption of the civil code, and to be -common to all courts where the distinction between chancery and law is not regarded. If the interest is independent of the rights of either plaintiff or defendant at the commencement of the suit, the party setting up his own rights in opposition to both is an intervenor or an inter-pleader. If his rights are consistent with those of the defendants, he is called a warrantor. The latter would be the result of a suit for a particular thing, the.defendant’s right to which was derived from the warrantor, whether by express or implied warranty, and would most frequently result from the relation of vendor and vendee or bailor and bailee. Had, then, in the case at bar, Boyce any right in the result of the suit brought against McNeill? In his answer McNeill alleges that he had hired the slave for which he was sued from Boyce, who was his lawful owner. If he had hired him, Boyce would be under an implied obligation to pay all the costs that might be incurred in defending the possession of his property, and also to compensate McNeill for the loss of the services of the slave, should he be taken from him by the judgment in the suit that had been instituted. And lastly, although the judgment against the defendant McNeill might not have interposed a legal bar to his right of property, it might seriously affect his right of possession. He then had rights involved in the result of the suit, and ought to be permitted to assert those rights by being admitted to come in as a codefendant. The plaintiff lost nothing, but was in fact benefited. If his right was good, he would have both McNeill and Boyce bound for the judgment.
There was no error, then, in permitting Boyce to become a co-defendant with McNeill.
On the second point, the admissibility of the evidence of McNeill, there can be no doubt both the defendants were incompetent to give evidence on the ground of interest. There *432-433 does not appear, however, to have been any objection taken on the trial to his admissibility, and in this court we are bound to believe, nothing appearing to the contrary, that the objection was waived, or that the witness who testified was another person of the same name, but not the defendant in the suit.
The third and last point we have proposed to discuss is, whether the verdict of the jury was contrary'to evidence.
On looking into the statement of facts, it will be found that the plaintiff’s case mainly depends on one witness, and his ci’edibility was attempted directly to be impeached. How far the attempt was successful depended on the conviction of the jury under the rules of evidence that were or would have been given by the court, if asked to do so. If this witness was discredited, the preponderance of the evidence was with the defendants. But, supposing this witness not to be discredited, then the evidence was contradictory, and a clear case for the determination of the jury, and the verdict ought not to be disturbed.
The judgment must be affirmed.