JOHN S. CAMERON vs. S. A. WHITE — Appeal from Victoria County.

When a petition for an injunction does not show that the party applying for it is likely to be injured by the proceeding complained of, the injunction ought not to be granted; or, if granted, it ought to be dissolved on motion. [12 Tex. 1.]

The appellant applied to the judge of the district court for an injunction to restrain the appellee from selling certain lands, under an execution sued out on a judgment rendered by a justice of the peace.

He alleged in his petition that the lands in question were purchased by him from one Valdess; that the appellee set up some claim against Valdess for surveying fees; and that by an *ex parte* proceeding before a justice of the peace he had obtained a judgment ordering the sale of said lands, and was about to have them sold under said judgment. The injunction was granted. At the ensuing term of the district court the plaintiff obtained leave, and amended his petition by alleging that the judgment was void for the want of service; that it was procured by the fraudulent representations of the appellee; and that he had only obtained notice of the fraud within a year, and he prayed that the justice might be made a party defendant.

The appellee moved to dissolve the injunction on the ground: 1st, that the bill does not show any equity on its face; 2d, because the statute barred the plaintiff from getting out an injunction; and 3d, because if the plaintiff is wronged, an injunction is not the proper remedy.

The court dissolved the injunction and dismissed the bill, and the plaintiff appealed.

HOWARD for appellant.

CUNNINGHAM for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court.

In this case the appellant applied for and obtained an injunction enjoining the appellee from selling lands by execution sued out on a judgment of a justice of the peace.

The petition is vague and uncertain. It was afterwards amended, by leave of the court; and he sets up as a ground of equity that the judgment is void on the ground of fraud and illegality. He does not show that he can be prejudiced in his title of the land, or that he will be exposed to any embarrassment or difficulty from the void judgment; and admitting everything set up by him to be true, he would not, as a necessary result, be in any way injured. The petition and the amendment, whether taken separately or together, show no ground for the injunction; and we therefore believe the court below did not err in dissolving the injunction and dismissing the petition. The judgment is affirmed.