CARLIN v. HUDSON AND ANOTHER.

An injunction will not be issued to restrain the sale upon execution of real estate which the judgment debtor has sold to a third person who makes the application.

Where a stranger to the record claims land levied on by execution, and obtains an injunction, and the injunction is dissolved, it is error to render judgment against the plaintiff in the injunction suit and his sureties, for the amount of the original judgment.

The statute authorizing the Court to award damages for the delay, on the dissolution of an injunction, (Hart. Dig. Art. 1602,) has reference to injunctions to restrain the collection of money, obtained by the judgment debtor, or some one who is a party to the judgment.

The defendant in an injunction suit may either plead the damages sustained by reason of the injunction, in reconvention, or he may have an action on the bond for the injury thus occasioned.

Appeal from Harrison. The appellant filed his petition in the District Court, alleging that on the 11th day of February, 1852, he purchased of one Ford and his wife a certain tract of land, and gave his note payable three years thereafter for the purchase money; that on the 12th of March thereafter he had his title deeds duly recorded; and that on the 15th of the same month, the appellees caused an execution, issued on a judgment obtained by them against Ford, to be levied on the land; and that great injury will be done him in case of the sale of his land by virtue of the execution so levied upon it, and he prays an injunction. An injunction was accordingly awarded. The defendants in the injunction demurred to the petition, answered that the alleged purchase was fraudulent and void as to them, and moved that the injunction be dissolved and the petition dismissed. The motion was sustained and judgment rendered against the plaintiff in the injunction and his sureties for the amount of the original judgment against Ford, which is assigned as error.

*Clough & Lane*, for appellant. I. If Carlin was at all lia-

ble to the appellees, it was only ten per cent. of the amount.

II. The case should not have been dismissed on the merits. The title of Carlin to his land had been put in jeopardy. A cloud had been cast on it. Every man is entitled to be relieved from the act of another who is proceeding without right to disturb the title of his property.

If the injunction had been dissolved, still the petition should have been retained and the facts tried.

*C. M. Adams*, for appellees.

WHEELER, J. The cases in which injunctions are granted to restrain the alienation of property, are those where it is indispensable to secure the enjoyment of specific property; or to preserve the title to such property; or to prevent frauds, or gross and irremediable injustice in respect to such property. (2 Story, Eq. chap. 23.) The present manifestly does not come within that description of cases. The proposed sale of the land, as the property of Ford, could not operate to dispossess the plaintiff, or deprive him of its enjoyment, or to defeat his title, or embarrass him in the prosecution of his legal remedies for any injury to his title or possession, if indeed the property was his by a fair and *bona fide* purchase, made before any lien had attached or any right had accrued to the plaintiffs in execution by reason of the judgment. They, by virtue of their execution, could only sell the title, or interest of Ford in the land, whatever that might be. If he had none, the sale could not work any irreparable injury to the real owner. And to permit the execution of judgments to be enjoined for such causes, would be to enable judgment debtors, by fraudulent transfers of property, to embarrass the collection of debts, by imposing upon their creditors the necessity of almost interminable litigation and delay. The present was not a proper occasion for the Court to interpose its preventive and protective authority by injunction. (Henderson v. Morrill *Supra*; 3

Tex. R. 152.) The injunction was improvidently awarded. And as the threatened sale was the only injury complained of, and the obtaining of an injunction the sole purpose of the suit, the petition was rightly dismissed for the want of equity.

But the Court went further and gave judgment against the plaintiff in the injunction and his sureties for the amount of the judgment against Ford. This might have been proper, if Ford had been plaintiff in the injunction, or if the plaintiff had been a party to the judgment. But he had in no way become a party thereto ; and surely his attempt to restrain the sale of the land, did not authorize the making him a party to the judgment against Ford, or the award of judgment against him and his sureties for the amount of that judgment; or for any amount, without averment and proof by the plaintiffs in execution, of the damages occasioned by the sueing out of the injunction. The statute, authorizing the Court to award damages for delay, on the dissolution of an injunction, (Dig. Art. 1602,) has reference to injunctions to restrain the collection of money, obtained by the judgment debtor, or some one who is a party to the judgment.

It was competent for the plaintiffs in execution to have pleaded to the petition for injunction, the damages sustained by reason of the improper sueing out of the injunction ; or they may have an action on the bond for the injury thus occasioned ; but they can only recover, upon proof of the damages they have sustained by reason of the injunction. (Hammons v. Belcher, 10 Tex. R. 271.)

Because, therefore, the Court erred in giving judgment against the appellant and his sureties, for the amount of the judgment, on dissolving the injunction and dismissing the case, the judgment must be reversed, and such judgment be here rendered as the Court below ought to have rendered ; which is that the case be dismissed.

Reversed and re-form'ed.