JOHN T. GRIFFIN ET AL. V. JOHN N. CHADWICK.

1. INJUNCTION—SURETIES.—In an injuntion suit brought by a wife joined by her husband to enjoin the sale of lands, her separate property, to satisfy a judgment against the husband, and which suit is abandoned by plaintiff, it is error to render judgment against the wife and her sureties on the injunction bond for the entire amount of the judgment and ten per cent. damages.

2. Gault *v.* Goldthwaite, 34 Tex., 104, overruled.

3. SAME.—A third party obtaining an injunction restraining the sale of his property levied on under a judgment against another, does not subject himself to judgment for the entire amount of the judgment enjoined upon the dissolution of the injunction, irrespective of the damages suffered in fact by the creditor by reason of the injunction.

APPEAL from Austin. Tried below before the Hon. Livingston Lindsay.

28th May, 1872, Louisa A. Griffin, joined with her hus-

band, John A. Griffin, obtained an injunction from the district judge restraining the sale of certain blocks and lots in the town of Hempstead, alleged to be the separate property of the said Louisa, levied on under an execution issued to collect a judgment in favor of John N. Chadwick *v.* John T. Griffin and J. M. De Lyon, for $665.75.

At November Term, 1872, the case being called for trial, the plaintiffs appeared by attorney and stated that they would prosecute no further the injunction suit, whereupon the court dissolved the injunction and dismissed the suit, and adjudged against plaintiffs and the sureties on the injunction bond the amount of the original judgment and eight per cent. interest, and ten per cent. damages and all costs of suit.

From which the plaintiffs and sureties appealed.

*A. Chesley*, for appellants.

*Harris & Kleberg*, for appellee.

Moore, Associate Justice.—This suit was brought by Louisa A. Griffin, joined by her husband, John T. Griffin, to enjoin the sale of certain lots in the town of Hempstead, under an execution on a judgment in favor of appellee, John N. Chadwick, against said John T. Griffin and one J. M. De Lyon. Mrs. Griffin was not a party to or in any way bound by the judgment on which the execution levied on the lots issued, and as John T. Griffin is not a party to this suit in his own right, or to protect any interest of his own, but merely to enable his wife to assert her right to the property levied on as her separate estate, this suit must unquestionably be treated and regarded as a suit for an injunction to restrain the sale of land under an execution on a judgment to which the party obtaining the injunction is a stranger, and not as a suit to restrain the collection of money by a party to the judgment under which it is being collected. This being the case, unquestionably the judg-

ment against the defendants in the suit on which the execution issued, and the plaintiffs in this case, and the sureties on their injunction bond for the amount recovered in said judgment and ten per cent. as damages thereon, must be held to be erroneous, unless we can concur in the decision of our late predecessors in the case of Gault *v.* Goldthwaite, 34 Tex., 104, that the previous decision of the court in the case of Carlin *v.* Hudson, 12 Tex., 202, is erroneous, and should be overruled. With all due respect for what is urged in Gault *v.* Goldthwaite, we are constrained to say that the plain language of the statute to which reference is had, as well as the object and purpose of the law, in our opinion fully support and justify the judgment in the case of Carlin *v.* Hudson. Certainly the writ of injunction would be regarded as of questionable remedial advantage if third parties could not invoke its aid except at the peril of becoming liable for the entire amount of the judgment on which the execution issued under which the action sought to be enjoined is had, if they fail to perpetuate the injunction. It would be most unreasonable to say that a party who honestly believes his property is about being sold under an execution against another, by reason of the mere fact that he is mistaken as to his rights in the premises, is liable for the full amount of the debt to the payment of which it is sought to be applied, however great may be the difference between the value of the property levied on and the judgment, and without regard to the damages which may in fact have accrued to the creditor from the injunction. .

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.