WALTER C. WHITMAN v. J. P. WILLIS & BRO.

1. PARTIES.—As a general rule, courts of law require only those who are directly or immediately interested in the subject-matter of the suit, and whose interests are of a strictly legal nature, to be made parties thereto. All persons who have merely an equitable or remote interest are not required to be parties, but are excluded from being made so. In equity, to avoid multiplicity of suits, all who have an interest in the subject-matter should be made parties.
2. INTERVENTION.—Disadvantages of intervention and its abuses, referred to.

3. INTERVENTION.—When the right to personal property levied upon is involved in a suit, it is, as a general rule, the proper practice to require a claimant to resort to the statutory remedy for trial of the right of property.

4. INTERVENTION—PRACTICE.—When the title to real estate is directly involved in a suit pending, any one who has an interest in the property at the time of the commencement of the action has a right, on application made at the proper time and manner, to intervene. But when the title is not directly involved, (as where the land has been levied on under attachment to satisfy a debt,) then a third party in possession, in order to intervene, should allege such facts as would authorize a court of equity to grant him a writ of injunction.

5. CASES APPROVED.—Carlin *v.* Hudson, 12 Tex., 202 ; Ferguson *v.* Herring, 49 Tex., 130.

6. FACT CASES.—See facts which did not authorize an intervention.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

On May 28, 1875, Willis & Bro. filed suit for debt against James W. Whitman, proceeding by attachment and publication. Attachment was levied upon defendant's interest in two hundred and eighty-two acres of land. No answer was filed for defendant. At the appearance term, February 21, 1876, plaintiffs took a judgment by default against defendant, with a writ of inquiry. After this, on the same day, there was brought to the attention of plaintiffs a petition in intervention filed by Walter C. Whitman. Leave was given at this time to have it "filed as of the 16th," and it is marked filed of that date. No leave to intervene had been asked or obtained from the court. No notice was given to the plaintiffs of the filing. As soon as the petition was brought to their notice, on the 21st, the plaintiffs filed exceptions to it, which were sustained.

The petition of intervention alleged, in substance, that the tract of land levied on was at the time of levy the property of W. C. Whitman, intervenor, by purchase from James W. Whitman on the 9th day of March, 1875; that he received a deed from same and procured its record March 15, 1875; that he went into possession and cultivated the

land; that plaintiffs levied on the land, without intervenor's consent, as the property of James W. Whitman, and he feared a foreclosure of their attachment lien on said tract of land, which would cast a cloud on the title, interfere with the sale, &c.; that intervenor bought in good faith; and concluded with a prayer to be permitted to establish his title so as to prevent the proceedings in the suit from casting a cloud on the same.

The writ of inquiry was executed and a judgment final rendered against defendant on February 26, 1876.

W. C. Whitman assigned for error the action of the court in sustaining exceptions to his petition of intervention, and appealed.

*Breedlove & Ewing,* for appellant.—We refer the court to some of the decisions supporting the course pursued by appellant in intervening, beginning with the earlier volumes and running along through the current line of decisions to almost the latest volume of Texas reports. (6 Tex., 435; 13 Tex., 67; 27 Tex., 154; 33 Tex., 668; 34 Tex., 125; 35 Tex., 267; 37 Tex., 88.)

*Shepard & Garrett,* for appellees.—Appellant had no right to intervene. He had no direct interest in the subject-matter of the suit. There was no privity in the issues made in the case and those presented in his petition. His title to the land, if any he had, could not possibly be affected or impaired by the levy upon whatever interest James W. Whitman had in it. Our courts have been very liberal in permitting intervention by third parties, but no one of the many decisions will show a case where an outsider has been permitted to come into a cause when he can be in no way directly affected by the proceedings therein. His contingent interest in the subsequent proceedings to enforce or make available the judgment that may be rendered, could not give such right. This would be opening the door too wide. "To entitle a

party to intervene, he must show, by averment, that his rights are involved in the cause which is being litigated; that he is entitled to the relief which he asks; and his application must be presented in time to enable the parties in the cause in which he desires to intervene to meet and contest the issues which may be presented by the intervenor." (Smith *v.* Allen, 28 Tex., 501; Legg *v.* McNeill, 2 Tex., 428; Van Bibber *v.* Geer, 12 Tex., 15; Eccles *v.* Hill, 13 Tex., 65.)

BONNER, ASSOCIATE JUSTICE.—The question in this case arises upon the judgment of the court below sustaining the demurrer to the petition of the appellant for intervention and in dismissing the same.

"The principle of the law of intervention is, that if any third person consider that his interest will be affected by a cause which is depending, he is not bound to leave the care of his interest to either of the litigants, but has a right to intervene or be made a party to the cause, and to take on himself the defense of his own rights, provided he does not disturb the order of the proceedings." (2 Chit. Gen. Prac., 492, and authorities cited in notes.)

As a general rule, courts of law require no more than the persons directly and immediately interested in the subject-matter of the suit, and whose interests are of a strictly legal nature, to be made parties thereto. All persons who have merely an equitable or remote interest, are not only not required to be parties, but are excluded from being made parties; and if any are improperly joined, the fault may be fatal to the suit. (Story's Eq. Plead., sec. 76.)

At common law, in real actions a new party defendant could be made when the tenant in possession cited his landlord, or a lessee his lessor in warranty. (Legg *v.* McNeill, 2 Tex., 428.)

A section of our statute of trespass to try title goes beyond this, and provides that "when a tenant is sued for lands of which he is in possession, the real owner, or his agent or

attorney, may enter himself on the proceedings as the defendant in the suit, and shall be entitled to make such defense as if he had been the original defendant in the action." (Paschal's Dig., art. 5296.)

The general rule in courts of equity, as to parties, is that all persons materially interested in the subject-matter ought to be made parties, either as plaintiffs or as defendants, in order that complete justice may be done and a multiplicity of suits prevented. (Story's Eq. Plead., sec. 76*a.*)

The practice of intervention as known to us, was unknown to the courts of law and equity of England, but was admitted under that name in the Ecclesiastical Courts. (2 Chit. Gen. Prac., 492, 493.)

It is derived from the civil law. (Bouv. Law Dict., title "INTERVENTION.") From this source it probably descended to the Ecclesiastical Courts of England.

Through that channel, and the modification of the civil law as found in the State of Louisiana, and the practice of the courts of chancery, it has been ingrafted upon our system, which, according to the circumstances of the particular case, applies the rigid rules of the common law or the more flexible proceedings of equity. It rests upon the proposition that a party should be permitted to do that voluntarily which, if known, a court of equity would require to be done.

We have no statute upon the subject now in force, except that section of the act of trespass to try title above referred to; but article 1188 of the Revised Code of 1879, soon to take effect, provides that "the pleadings of an intervenor shall conform to the requirements of pleadings on the part of the plaintiff and defendant respectively, so far as they may be applicable."

Although due regard should be had to the advantages of the proceeding by intervention in preventing a multiplicity of suits, yet we should also, as far as practicable, guard against its disadvantages. It is a practice liable to abuse, has a tendency to multiply the issues, imposes frequently great addi-

tional labor and responsibility upon the presiding judges below to properly present in the charge these issues to the comprehension of the jury, and tends to confusion in the trial of causes.

When the right to personal property levied upon is involved, it is, as a general rule, the proper practice to require parties to be confined to the more simple and less expensive mode of trial of right of property provided by statute. (Paschal's Dig., art. 5310; Vickery *v.* Ward, 2 Tex., 214; Carter *v.* Carter, 36 Tex., 693; Ferguson *v.* Herring, 49 Tex., 130.)

By repeated decisions of this court, when the title to real property is directly involved in a pending suit, any one who has an interest in the subject-matter of litigation at the time of the commencement of the action, which may be affected by the decree, has the right to intervene, if demanded in a proper manner and at a proper time; and the refusal to grant leave so to do will be corrected on appeal. (Sayles' Prac., ch. 14; Eccles *v.* Hill, 13 Tex., 65; Smith *v.* Allen, 28 Tex., 501.)

But when the title to real property is not directly, but only indirectly involved, as in this case, where it is not in issue, but simply levied upon as the property of the original defendant, then it is believed that a third party who is in possession, in order to entitle himself to the right to intervene, should allege such facts as would authorize a court of equity to grant him a writ of injunction, upon the familiar doctrine, that he cannot ask equitable relief when he has an adequate remedy at law. (Taylor *v.* Gillean, 23 Tex., 514.)

The ground upon which appellant claimed the right to intervene in this case was, that the levy and sale under it would cast a cloud upon his title. This, in a proper case, would authorize the preventive and protective authority of a court of equity by injunction. (Freem. on Ex., sec. 438.)

Mr. Freeman, in the section above quoted, says: "Where a sale, if made, would create a title under which the purchaser could, in ejectment, recover against the true owner unless

the latter placed his own title in evidence, or by some other means established the invalidity of the purchaser's title, then such sale is a cloud on the title of the true owner. Hence, if an execution against a person who has once been the owner of the property be levied upon it, and it be no longer liable to levy and sale under such execution, the present owner of the property may, in equity, prevent his title from being clouded by such sale."

This seems to be the rule adopted in several of the States of the Union. This court, however, has not gone to this extent, but has adopted a more limited rule.

In the case of Carlin v. Hudson, 12 Tex., 202, in which an injunction was sued out, the material facts are almost identical with the one now under consideration.

In that case, the appellant Carlin, who was the plaintiff in injunction, alleged that on February 11, 1852, he purchased the land levied upon from one Ford and his wife, and had his deed recorded on the next day; that on February 15 thereafter, appellee Hudson caused an execution, issued against Ford, to be levied on the land, claiming that as to him the alleged purchase by Carlin was fraudulent and void. Carlin alleged that great injury would be done him in the event of the sale of the land by execution, and prayed for and obtained an injunction. On motion of Hudson, the same was dissolved and the petition dismissed. On appeal, Mr. Justice Wheeler, delivering the opinion of the court, says:

"The cases in which injunctions are granted to restrain the alienation of property are those where it is indispensable to secure the enjoyment of specific property, or to preserve the title to such property, or to prevent frauds or gross and irremediable injustice in respect to such property. (2 Story's Eq., ch. 23.) The present manifestly does not come within that description of cases. The proposed sale of the land as the property of Ford could not operate to dispossess the plaintiff or deprive him of its enjoyment, or to defeat his title or embarrass him in the prosecution of his legal rem-

edies for any injuries to his title or possession, if, indeed, the property was his by a fair and *bona-fide* purchase made before any lien had attached or any right had accrued to the plaintiffs in execution by reason of the judgment.

"They, by virtue of their execution, could only sell the title or interest of Ford in the land, whatever that might be. If he had none, the sale could not work any irreparable injury to the real owner; and to permit the execution of judgments to be enjoined for such causes would be to enable judgment debtors, by fraudulent transfers of property, to embarrass the collection of debts by imposing upon their creditors the necessity of almost interminable litigation and delay.

"The present was not a proper occasion for the court to interpose its preventive and protective authority by injunction. (Henderson *v.* Morrill, 12 Tex., 1; Cameron *v.* White, 3 Tex., 152.) The injunction was improvidently awarded; and as the threatened sale was the only injury complained of and the obtaining of the injunction the sole purpose of the suit, the petition was rightly dismissed for want of equity."

The above case of Carlin *v.* Hudson was affirmed, on the point of want of equity in the bill, in the late case of Ferguson *v.* Herring, 49 Tex., 130.

Upon authority, it would seem that more indulgence should be granted in favor of the right of the wife to intervene to protect her interest in property—as the homestead—which had been levied upon as subject to the debts of the husband. This exception is perhaps based upon the ground that there is such legal unity between them, that she may be viewed in the light of an original defendant. (Baxter *v.* Dear, 24 Tex., 21; Stoddart *v.* McMahan, 35 Tex., 299; Freem. on Ex., secs. 438, 439.)

In this case the appellant alleges that he purchased the land levied upon from James W. Whitman, the defendant in attachment, on March 9, 1875, and filed his deed for record on the following day, and before the institution of the attach-

ment suit; that he made his purchase in good faith, went into immediate possession, and has ever since owned and held the land. The title to the property is not in issue between the original parties to the suit.

Under the decision of Carlin *v.* Hudson, *supra,* he does not present such a case as "the requirements of pleadings" on the part of an original plaintiff would demand, to entitle him to equitable relief, or which would stand the test of a general demurrer. The judgment below is accordingly affirmed.

AFFIRMED.