ANNIE E. SPENCER v. C. H. ROSENTHALL ET AL.

(Case No. 4690.)

1. INJUNCTION.— The sale of land owned by the wife under recorded deed, which limits it to her sole use and benefit, which is levied on to satisfy a judgment against the husband, and which is not used as a homestead, cannot be enjoined on the ground that the sale would cloud the title. In such a case the remedy at law is plain, adequate and complete.

2. CASE DISTINGUISHED.— Distinguished from Wallace *v.* Campbell, 54 Tex., 87.

APPEAL from Falls. Tried below before the Hon. Jo Abbott.

This suit was filed October 18, 1881, by Annie E. Spencer, joined by her husband, H. F. Spencer, against appellees C. H. Rosenthall & Co., and Cyrus Whitaker, sheriff of Falls county, to restrain the sale of a tract of land claimed as the separate property of the wife, Annie E. Spencer.

On the 19th day of August, 1881, appellees Rosenthall & Co. recovered a judgment against H. F. Spencer for $1,113.81. Execution issued October 5, 1881, and was levied on the land. The wife, joined by her husband, alleged in her petition that the land was her separate property, purchased during the marriage, but with her separate means which she had owned before her marriage; that the deed was made to her, and the property was in the deed limited to her sole use and benefit.

In March, 1882, the court, upon exceptions, dissolved the injunc-

tion, and, plaintiffs not asking that the case should stand over for trial, dismissed the suit.

Plaintiffs appealed, and assigned as error the ruling of the court sustaining the motion to dissolve the injunction.

*Oltorf, Holland & Ring*, for appellants.— The court erred in sustaining defendants' exceptions and in dissolving the injunction. Cameron v. White, 3 Tex., 153; Henderson v. Morrill, 12 Tex., 1; Whitman v. Willis, 51 Tex., 428; Baxter v. Dear, 24 Tex., 21; Wallace & Co. v. Campbell, 54 Tex., 87; Freeman on Executions, secs. 438, 439.

*B. L. Aycock*, for appellee.

I. The allegations of the bill should have negatived every legal advantage that appellees' judgment conferred on them over property acquired during the marriage. The bill not only failed to trace the separate means of complainant, but also failed to allege any notice in the defendants of the facts alleged at the rendition of the judgment. Wallace & Co. v. Campbell, 54 Tex., 87; Cooke v. Bremond, 27 Tex., 457; Grace v. Wade, 45 Tex., 522.

II. An injunction cannot be granted in favor of a third person (a stranger) because he may claim title to the land levied on. R. S., arts. 1204, 4789, 4793; Carlin v. Hudson, 12 Tex., 202; Whitman v. Willis, 51 Tex., 421.

DELANY, J. COM. APP.— From the judge's statement appended to a bill of exceptions contained in the record, it appears that the injunction was dissolved for the following reasons: First, it was not alleged that the land was the homestead of plaintiffs; second, Mrs. Annie E. Spencer was not a party to the judgment against her husband; and third, she had a complete remedy at law.

It seems to be well settled, in this state at least, that if land belonging to A. is levied on as the property of B., that fact alone does not entitle A. to an injunction to restrain the sale. For such a sale could not ordinarily cloud or impair the title of A. See Whitman v. Willis, 51 Tex., 426–28; Carlin v. Hudson & Hudson, 12 Tex., 202; Henderson v. Morrill, 12 Tex., 1.

There is, however, a recognized exception to this rule, in a case where the wife applies for an injunction to restrain the sale of the homestead upon execution against the husband. Baxter v. Dear, 24 Tex., 17. But whether the court would, upon the application of the wife, enjoin the sale of her separate property, other than the

homestead, upon such an execution, is not so clear. A remark made by Chief Justice Hemphill in the case of Clegg v. Varnell, 18 Tex., 294, appears to sanction such a conclusion; but there the land levied on was the homestead as well as the separate property of the wife, and the attention of the court was mainly called to other features of the case, and this point was not considered.

In the case before us, we do not see how the mere fact that the plaintiff is the wife of the defendant in the judgment should place her in a position different from that of any other owner of the property. The sale of the property could not cloud her title; and she has a plain, adequate and complete remedy at law.

Counsel for appellants seem to apprehend that, if the sale should take place, the wife would be cut off from all remedy, under the rule announced in the case of Wallace v. Campbell, 54 Tex., 87. But the rule there laid down could work no harm to the plaintiff in this suit. The deed to Mrs. Campbell contained no recital that the land was bought with her separate means, or that it was intended for her separate use, and thus furnished to the creditor no notice of such fact. But from the allegations of the petition in this case we infer that the deed to Mrs. Spencer shows upon its face that the land was conveyed to her for her sole use and benefit; and thus gives to creditors and purchasers notice of her claim. See Kirk v. Navigation Co., 49 Tex., 213; also 1 Law Reporter, 487.

We conclude that there is no error in the judgment and that it should be affirmed.

AFFIRMED.

[Opinion approved November 6, 1882.]