## Río v. Vázquez.

### Appeal from the District Court of Aguadilla.

No. 541.—Decided February 11, 1911.

Injunction—Amount of Claim—Jurisdiction.—District courts have jurisdiction to issue writs of injunction, whatever may be the amount of the thing claimed in the complaint.

Id.—Sufficiency of the Petition.—If from the petition requesting a writ of injunction the right of the plaintiff should clearly appear, as also the necessity and urgency of the remedy sought, the petition is sufficient. If the court has deemed the petition sufficient and ordered that the injunction be issued, adopting the necessary measures to protect the rights of the defendant, its decision shall not be modified on appeal unless an abuse of its discretionary power be shown.

Id.—Injunction to Stay the Execution of a Judgment.—Although great caution should be exercised in issuing a writ of injunction to prevent the execution of a judgment at the instance of the owner of the real property that is to be sold at auction, this does not imply that such relief should be denied in cases where it is demanded by justice and equity.

Id.—Jurisdiction Over the Person of the Defendant.—Although the name of the person against whom a writ of injunction is requested does not appear in the title of the petition as party defendant, because said petition has been headed with the title of the case whereof it is an incidental issue, this does not involve a lack of jurisdiction in the court over such person, if in the service of the writ the formalities prescribed by law with respect to the delivery of a copy of the petition have been complied with.

Id.—Nor does the fact that the defendant in the main action does not reside within the judicial district of the court issuing the injunction imply a lack of jurisdiction to take cognizance of the injunction, if the court has jurisdiction over the matter involved in the main action.

ID.—DEFECT IN THE OATH OF THE PETITION.—The defects contained in the oath
    appearing in the petition must be objected to in the court below, and if
    they have not been alleged there such defects cannot serve as ground for a
    reversal of the judgment on appeal.

The facts are stated in the opinion.

*Messrs. N. B. K. Pettingill* and *Fernando Vázquez* for
appellant.

*Mr. Mariano R. Acosta* for respondent.

MR. JUSTICE MacLEARY delivered the opinion of the court.

On February 24, 1910, José León Río filed a sworn com-
plaint in the District Court of Aguadilla substantially alleg-
ing that the defendant, Fernando Vázquez, prosecuted an
action in the Municipal Court of San Sebastián against the
plaintiff and obtained a judgment in his favor in the sum of
$391.66 and costs; that in order to pay said sum the plain-
tiff transferred to Vázquez five acres of land situated in San
Sebastián; that notwithstanding this Vázquez applied for
the execution of said judgment; that he then spoke to Váz-
quez and they agreed that Vázquez should return to him the
aforesaid five acres of land and that the plaintiff should make
payment in cash; that when he went to take possession of
the five acres of land he found that Vázquez had sold it,
and that under these circumstances Vázquez prayed for and
was again granted the writ of execution upon the said judg-
ment, and in order to collect the same he attached a tract
of land belonging to the plaintiff consisting of 110 acres.
Plaintiff further alleged that he had filed, together with the
petition for injunction, a complaint in the district court in
regard to the fulfilment of the contract made with Vázquez;
that the public sale had been set for March 1, and that said
sale, if carried out, would cause the plaintiff considerable
and, perhaps, irreparable damages and losses, and that this
could be avoided by ordering the suspension of the public
sale until a decision had been rendered in regard to the com-
plaint filed against Vázquez; and he finally prayed that a

writ of injunction to this effect be issued to the marshal of the Municipal Court of San Sebastián.

The court fixed the amount of the required bond at $4,000, which was given by the plaintiff, and the court ordered the writ to issue.

Thereupon the defendant, Vázquez, appeared and applied for the dissolution of the injunction for the reasons stated in a motion presented for that purpose, together with an affidavit supporting the same; and the court, on March 17, 1910, after having heard both sides, dismissed the petition of the defendant for the dissolution of the injunction.

The present appeal has been taken from this resolution of the court. In support of his position counsel for appellant advances the propositions set out as follows:

He first alleged at the hearing that the court had acted without jurisdiction because the amount in controversy is less than $500. Even granting that this were the case, the court acted within its jurisdiction. The jurisdiction of courts of general jurisdiction in the issuance of writs of injunction is not limited by the amount in controversy, which is generally applicable to the other powers of courts, unless it clearly appears that it was the legislative intention to impose such a restriction. (22 Cyc., 907; *Anderson County* v. *Kennedy,* 58 Tex., 616; *Stein* v. *Frieberg,* 64 Tex., 271.)

But our statute granting the authority to issue injunctions, in proper cases, to the judges of the district court places no such limitation on the power conferred, as will be seen by reference to the second section and first and second paragraphs of the third section of the act to define injunctions, etc., which read as follows:

"Section 2. The Supreme Court, or any judge thereof, may issue injunctions to enforce the jurisdiction of said court, under the regulations prescribed by law. And the judges of the respective district courts may issue injunctions in all cases in which such process may be properly issued.

"Section 3. An injunction may be granted in the following cases:

"1. When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.

"2. When it appears by the complaint or affidavit that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action." (P. R. Sess. Acts of 1906, pp. 86 and 87.)

The appellant further contends that the petition does not contain sufficient facts whereon to base the application for injunction. The petition might, perhaps, have been written with more clearness, but, even as it is drawn, there appears from the same the right of the plaintiff and the necessity and urgency of the remedy. Moreover, the petition was filed in the district court and said court considered that it showed sufficient grounds for the issuance of the writ applied for, and issued the same and fixed a bond sufficient to cover any damages that might be caused to the defendant; and unless it can be shown that the court abused its discretion we will not feel inclined to reverse its decision. The law in regard to the general principles governing the issuance of injunctions and the discretion of the court in its action is so well stated in the Cyclopedia of Law and Procedure that we will copy a paragraph therefrom:

"An injunction, whether temporary or permanent, cannot as a general rule be sought as a matter of right, but its granting or refusal rests in the sound discretion of the court under the circumstances of the particular case. Especially is this the rule in the case of a temporary injunction where the granting of the injunction depends upon the determination of questions of fact and the evidence is conflicting. The discretionary power, however, is not arbitrary and unlimited, but must be exercised reasonably and in harmony with well-established principles. And where the case made out by the complainant is perfectly clear, and he has complied with all the requirements of the law for the issuance of an injunction, he is entitled to the injunction as a matter of right. The action of the court may be reviewed on appeal or error in case of a clear abuse of discretion, but not otherwise; and *mandamus* will not lie to control such discre-

tion. A temporary injunction may be refused under circumstances where a permanent injunction might be granted, particularly where sought upon an *ex parte* application. An injunction will not be granted when good· conscience does not require it, nor where it will tend to promote, rather than to prevent, fraud and injustice.'' (22 Cyc., 746, 747, 748, and 749.)

The appellant further alleges in support of his position that the doctrine established in the case of *Lothrop, Luce & Co.* v. *Rossner,* 3 Castro, Dec. P. R., 55, prevents the issuance of the writ in this case. Neither the case of *Lothrop, Luce & Co.* v. *Rossner* nor the case of *Carlin* v. *Hudson,* 12 Tex., 202, cited in our opinion therein, are at all similar to the case at bar, and they cannot be followed in this decision.

Although great care ought to be exercised in the issuance of writs of injunction to stop the execution of a judgment on application by the owner of the property to be sold, this does not mean that they should not be issued when justice and equity so require.

The appellant, Vázquez, furthermore alleges that the District Court of Aguadilla had no jurisdiction of the person of the marshal of the Municipal Court of San Sebastián, nor of the appellant himself; because it does not appear either that the former was made a defendant or that the latter resided within the district of Aguadilla.

But although the marshal does not appear as defendant in the heading of the petition giving the style of the suit, it must be borne in mind that the writ was issued as an incident in the proceedings prosecuted against Vázquez in regard to the fulfilment of a contract, and, moreover, that notwithstanding the fact that the name of the marshal does not appear as a defendant, compliance should have been had with the provisions of section 5 of the Law of Injunction (p. 87, Laws of P. R., 1906), by delivering to him, on service of the writ, a copy of the petition. If he had any objection to make the law gave him ample opportunities to set them out and to be heard thereon. As to the fact alleged that the defendant

was not a resident of Aguadilla, it must be borne in mind that the property to be sold at public auction, at his request, appears to be situated within the judicial district of Aguadilla, and that the District Court of Aguadilla had jurisdiction of the subject matter in the original action of which the injunction proceeding was merely an incident. (See *Río v. Vázquez,* in regard to change of venue, decided by this court on December 21, 1910. Also *Smith* v. *Smith,* 88 Cal., 575; *Baker* v. *F. F. Ins. Co.,* 73 Cal., 182; *Ashurst* v. *Gibson,* 57 Ala., 584.)

The appellant finally alleges that the oath made to the petition for injunction is defective, because when it is examined in connection with the application it appears that it does not specify which matters are personally known to affiant and which he knew only by information and belief, and because the number of the affidavit on the register of affidavits of the notary, before whom the oath was taken, is not set out. Certainly we must observe that the foregoing are defects that could have been successfully alleged in the district court; but, as it does not appear that such allegations were there made, they cannot be used now as grounds for a reversal of the resolution appealed from. The oath is effective but it is not null. Since we find no fundamental error in the record the judgment should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Aldrey did not sit at the hearing of this case.