**MANES et al. v. BLETSCH.   (No. 6520.)**

(Court of Civil Appeals of Texas.   Austin.
Feb. 15, 1922.   Rehearing Denied
March 29, 1922.)

1. Bills and notes ⬤➞129(2)—Acceleration of maturity clause may be self-executing.

Where a contract provides that a series of notes shall all become due upon the failure to pay one or more thereof, or interest thereon when due, upon the failure to make such payment, all of the notes ipso facto become due by virtue of the contract, and there is no question as to option involved.

2. Bills and notes ⬤➞129(2)—Option to accelerate maturity of series of notes must be exercised.

Where the contract provides for an option on the part of the payee to declare all of a series of notes due, upon the failure to pay one or more thereof, or interest thereon when due, such option accrues when the failure to pay occurs, and continues, if not sooner exercised, until such payment is made, and not thereafter.

3. Bills and notes ⬤➞129(2)—Option to declare series of notes due could be waived after exercise.

Although note holder had already exercised his option to declare all of a series of notes due because of default in payment of one of them, this did not prevent his waiving his option as to the remaining notes upon the payment of the note due, and it was immaterial whether such payment was a valuable consideration for the waiver, as waiver is the exercise of a right, and does not depend for its validity upon the existence of a consideration.

4. Bills and notes ⬤➞129(2)—Exercise of option to accelerate maturity of series of notes is not irrevocable as respects right of note holder to waive such option.

That note holder had exercised his option to declare a series of notes due because of default in payment of one of them did not render his action irrevocable as respects his right to waive exercise of the option; the doctrine of election of remedies being inapplicable.

5. Bills and notes ⬤➞139(1)—Mutual promises consideration for extension.

Where there is an agreement to extend the payment of a note to a definite time, the mutual promises of the parties to the note is a sufficient consideration to sustain the contract.

6. Bills and notes ⬤➞129(2)—Where option to accelerate maturity had been exercised, agreement not to exercise option equivalent to agreement to extend.

Where the fact that the note holder had declared two notes due in default in payment of one of them was not known to the maker thereof, the note holder's subsequent agreement on payment of the note in default not to exercise his option to declare the remaining note due was, in effect, an agreement that, although it had become due by the exercise of his option, it should be extended to the definite time fixed by its terms.

7. Election of remedies ⬤➞3(1)—"Election of remedies" defined.

Election of remedies arises where a party has two or more inconsistent remedies, and chooses to exercise one of them; in such case he abandons his right to exercise the other remedy or remedies.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Election.]

8. Injunction ⬤➞148(1)—Temporary injunction to restrain sale under trust deed does not require bond in double the amount of the debt.

Where mortgagor did not deny the justness of mortgagee's debt, nor his lien upon the mortgaged property advertised for sale by the trustee under the deed of trust, and the only relief that he sought was to postpone the sale of the property under the trust deed, temporary injunction granted him was not void because the bond fixed was not in double the amount of the debt he owed the mortgagee, as Rev. St. art. 4650, did not apply.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Suit by M. A. Bletsch against O. B. Manes and others. From judgment for plaintiff, defendants appeal. Affirmed.

Snodgrass & Dibrell, of Coleman, for appellants.

Baker & Weatherred, of Coleman, for appellee.

JENKINS, J. The facts in this case, in so far as they are pertinent to the issues herein, are as follows:

Appellant held two notes against appellee, one for $2,000, due October 1, 1921, and one for $7,500, payable in three installments, on October 1, 1922, 1923, and 1924, respectively; each of said notes bearing interest at the rate of 8 per cent. per annum from date, and each containing the following clause:

"It is understood and agreed that the failure to pay this note or any installment of interest hereon when due shall, at the election of the holder of them or any of them, mature all notes this day given by M. A. Bletsch to said O. B. Manes, in payment of said property."

The notes mentioned constituted a series of notes given as part payment of the purchase money of a tract of land in Coleman county. At the time of the execution of said notes Bletsch executed a deed of trust on said land to R. H. Alexander, as trustee. The note for $2,000 was not paid at its due date, October 1, 1921, and, on the 7th of that month, appellant declared both of said notes due, and notified the trustee to that effect, and the trustee, early on the morning of the 8th of October, posted notices of the sale of the land.

In the afternoon of October 8th appellee, who lived at Marlin, Tex., called appellant over the phone, and stated to him that he would like to have the privilege of paying $1,000 of the $2,000 note, and extend the payment of the other $1,000 for six months. Appellant declined this proposition, and stated to him that, as matters had gone as far as they had, he would prefer to have the whole amount. Appellee replied that he could not pay the full amount due on the land. Appellant said: "All right; pay the note and the interest, and it is all right." Appellee replied: "I will go and pay it." And he did pay the same within five minutes thereafter.

Appellee's petition herein alleged that the trustee, Alexander, is threatening to proceed with the sale of the land as indicated in his notices of sale, and prayed for a temporary injunction to restrain him from so doing. The court heard the evidence on this application, and granted the temporary injunction as prayed for; and the case here presented is an appeal from this action of the court.

The court filed no findings of fact, but it is our duty to construe such findings as could have been made under the evidence most favorable to appellee. In accordance with this, we find that the court was justified in finding that appellant agreed with appellee, in the phone conversation referred to, to waive his right to declare the other note due. Appellee did not know, at the time of the phone conversation referred to, that appellant had declared the whole amount due, and appellant did not indicate in such conversation that this was a fact.

[1] Where a contract provides that a series of notes shall all become due upon the failure to pay one or more thereof, or interest thereon when due, upon the failure to make such payment all of the notes ipso facto become due by virtue of the contract, and there is no question as to option involved. This was the case in Rogers v. Watson, 81 Tex. 401–404, 17 S. W. 29, and Association v. Stewart, 94 Tex. 441, 444, 445, 61 S. W. 386, 86 Am. St. Rep. 864, cited by appellant.

[2] However, where the contract provides for an option on the part of the payee to declare all of a series of notes due, upon the failure to pay one or more thereof, or interest thereon when due, such option accrues when the failure to pay occurs, and continues, if not sooner exercised, until such payment is made, and not thereafter. Cofer v. Beverly (Tex. Civ. App) 184 S. W. 609–611; 8 C. J. p. 418, § 611.

[3] It is, however, the contention of appellant that, notwithstanding the fact if the payment had been made before he had exercised his option to declare all of the notes due, yet, having done so, the payment of the $2,000 note with all interest thereon was not a valuable consideration for an agreement on his part to waive his option as to the remaining note. Waiver is the exercise of a right, and does not depend for its validity upon a valid consideration, in the ordinary sense as to contracts. As appellant had a right to waive the exercise of his option to declare the remaining note due, we can see no reason why he should not waive the exercise of the option which he had already declared. Cofer v. Beverly, supra, quotes from Association v. Stewart, 94 Tex. 441, 61 S. W. 387, 86 Am. St. Rep. 864, as follows:

"While neither party by his separate action or nonaction could impair the rights of the other, each could waive his own rights as they accrue from the default in payment of an installment, so as to estop him from relying upon such default. To accomplish this, it would only be necessary that each so act as to justify the other in believing and acting upon the belief that the effect of the failure to pay an installment was to be disregarded, and that the contract should stand as if there had been no default."

[4-6] Appellant contends that, having already exercised his option, the same was irrevocable. This may be true as against the will of the payer, but, where the payer is not objecting to the recall of such option, we can see no reason why the payee could not revoke the same as well as not to have exercised it in the beginning. Where there is an agreement to extend the payment of a note to a definite time, the mutual promises of the parties to the note is a sufficient consideration to sustain the contract. Benson v. Phipps, 87 Tex. 578–581, 29 S. W. 1061, 47 Am. St. Rep. 128. Where an option has been exercised, and not thereafter withdrawn, subsequent notes in a series of notes are as much due as if the date of exercising the option had been originally fixed as their due date. But in such case an agreement to extend to a definite time is binding; and so in this case we think that the court was justified in finding that the conversation over the phone amounted to an agreement on the part of Manes to extend the due date of the remaining note to the time when the same should become due, according to its face and tenor; and it is immaterial that appellee did not know that appellant had declared the remaining note to be due. Appellant knew such fact, and we think that his agreement not to exercise his option to declare the remaining note due is, in effect, to agree that, although it had become due by the exercise of his option, the same should be extended to the definite time fixed by the terms of the remaining note.

[7] Appellant, in support of his contention that the exercise of option on his part is irrevocable, quotes authorities from the doctrine of election of remedies. Election of

remedies arises where a party has two or more inconsistent remedies, and chooses to exercise one of them; in such case he abandons his right to exercise the other remedy or remedies. When pleaded by a defendant, such election of remedies precludes the party who has made the same from pursuing another remedy which he originally had.

This doctrine does not apply to the facts of the instant case. Appellant did not elect as to inconsistent remedies. If the notes were due, he might have proceeded to have the property sold by the trustee, and apply the amount received therefrom to his debt, and collect the remainder, if any, by suit.

Appellee, in addition to other causes of action, pleaded estoppel. We do not think that estoppel in pais applies to the facts of this case. That arises only where a party has been induced to do something to his detriment, which he was under no legal obligation to do. The appellee herein was under legal obligation to pay the $2,000 note, and he did nothing to his detriment which he was not under legal obligation to do.

[8] Appellant insists that the temporary injunction herein is void, for the reason that the bond fixed by the court was not in double the amount of the debt owing by appellee to appellant. In this he relies upon article 4650, Revised Statutes, which reads in part as follows:

"If the injunction be applied for to restrain the execution of a moneyed judgment or the collection of a debt, the bond shall be fixed in double the amount of such judgment or debt."

The injunction applied for and granted in this case did not seek to restrain the execution of a moneyed judgment or the collection of a debt, and therefore the portion of the article above quoted does not apply. Appellee did not deny the justness of appellant's debt, nor his lien upon the property advertised by the trustee. The only relief that he sought was to postpone the sale of the property under the trust deed. Hicks v. Murphy (Tex. Civ. App.) 151 S. W. 845.

For the reasons stated, the judgment of the trial court herein is affirmed.