CITY NAT. BANK OF CORPUS CHRISTI v. BARBEE. (No. 7050.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 31, 1923. Rehearing Denied Nov. 28, 1923.)

Injunction ☞148(2)—Temporary injunction to restrain foreclosure sale held not to require bond in double amount of debt.·

Where mortgagor of land did not deny the amount of mortgagee's debt and made no effort to impair the lien, and the only relief he sought was from slander of title created by an attachment against the land and lis pendens notice thereof, injunction to restrain sale was not improper because the bond fixed was not double the amount of the debt, as Rev. St. art. 4650, did not apply.

2. Mortgages ☞338—Bill to restrain sale of property under trust deed presented equity.

Where an attempted sale, under trust deed, could not be fairly made so as to bring an adequate price because of a cloud placed on property by attachment lien and lis pendens of mortgagees, a bill to restrain mortgagees from sale under trust deed presented equity.

Appeal from District Court, San Patricio County; T. M. Cox, Judge.

Suit for injunction by W. J. Barbee against the City National Bank of Corpus Christi, Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

―――

E. B. Ward, of Corpus Christi, for appellant.

R. E. McKie, of San Marcos, and Douglas, Carter & Childers, of San Antonio, for appellee.

COBBS, J. The temporary injunction appealed from herein was granted to appellee to restrain appellant from selling 420.01 acres of land owned by H. P. King, under a deed of trust given by W. J. Barbee, to secure three notes aggregating about $5,000, held by the City National Bank.

W. J. Barbee had sold the land to H. P. King, who did not assume the $5,000 debt. W. J. Barbee was to negotiate some of the King notes, and with the proceeds liquidate the $5,000 lien held by the City National Bank against the land. W. J. Barbee procured a purchaser for the King notes, and when the purchaser undertook to ascertain from the City National Bank the exact amount of the lien debt and negotiate a settlement, the appellant at once sued out in the Fifty-Seventh district court of Bexar county, in its suit against W. J. Barbee, an attachment against said land as the property of W. J. Barbee, and also caused a lis pendens notice thereof to be filed in San Patricio county, where the land is situated.

Hence appellee brought this suit to recover damages for the slander to the title by reason of the wrongful suing out of the writ against appellant, alleging an unlawful scheme on the part of the bank to subject the land to the payment of W. J. Barbee's debt, and the slander on the title to the land committed by the attachment was a part of the scheme.

Ancillary to this suit, the temporary writ of injunction was sought, because the slander to the title created such a cloud as that appellee was prevented from obtaining funds with which to pay the debt to the bank, that would otherwise have been procured on the H. P. King notes. That attempted sale, under the deed of trust, could not have been fairly made so as to bring an adequate price, by reason of the cloud placed upon the property by the attachment and the lis pendens. That itself would have prevented a fair sale of the property under the deed of trust, and prevented it from bringing a fair and adequate price, which it would otherwise have brought, and sufficient, not only to pay the debt, but a fair return over and above the debt.

Appellee alleged he had made arrangements to pay the debt, and would have done so, had it not been for the cloud placed upon the title by the wrongful acts of appellant in suing out the writ of attachment and levying the same on the land in the attempt to subject it to the debt of W. J. Barbee, claiming it as the property of W. J. Barbee instead of the property of appellee as it was.

Appellant filed an answer under oath, denying any equity in the bill. The court overruled the exception to the petition and overruled the motion to dissolve.

The case was heard alone on the sworn bill and answer. The first complaint that appellant makes is because the debt involved, being for $5,500, and not denied, it was error in the court to grant the writ and fix the amount of the bond at $1,000.

[1] Appellant's contention would be true if it were an effort to defeat the collection of the debt, in which case the statute requires a bond to be in double the amount of the debt. Article 4650, R. S. But that is not the case here, for instead of denying the debt it is admitted. No effort is made to impair the lien on the land by appellee, but, on the contrary, he admits the same and avers his willingness to pay. Therefore, in a proper case, the court, acting as a chancellor administering equity, may fix the amount of the bond to preserve the property from sacrifice, so that when sold it may be fairly sold for the benefit of all the interested parties. Hicks v. Murphy (Tex. Civ. App.) 151 S. W. 845; Manes v. Bletsch (Tex. Civ. App.) 239 S. W. 307. That assignment is therefore overruled.

[2] This brings us to the real question, Was there equity in the bill, and did the answer disclose such defense as that a court of equity would not be justified in stretching out its long arm to restrain an unfair sale and possible sacrifice of the property?

We hesitate to discuss the merits of the case here, and shall not do so, lest we may prejudice the rights of one or the other parties on the final trial. We merely content ourselves now by saying the bill presented equity, and, so believing, the assignments are all overruled, and the judgment of the trial court is affirmed.