**PACHECO et al. v. ALLALA et al.**
(No. 7210.)

(Court of Civil Appeals of Texas. San Antonio. April 16, 1924.)

1. Execution ⬤⇒172(2)—Injunction to restrain sale of real estate under execution held not to require bond in double amount of execution judgment.

Injunction to restrain the sale of real estate under execution *held* not one to restrain execution of moneyed judgment or collection of debt, within Rev. St. art. 4650, and in such case bond in double the amount of the judgment is not required; the court being authorized to fix an amount which seems appropriate.

2. Execution ⬤⇒172(2)—Statute requiring bond in double amount of judgment or debt, if applicable to injunction to restrain execution sale of land, held not to apply where execution is against land not owned by judgment debtor.

Assuming Rev. St. art. 4650, requiring bond in double the amount of the judgment or debt, otherwise applies to an injunction to restrain the sale of real estate under execution, it would not apply where the judgment on which the execution is based does not run against owner of land seeking injunction, and the debt sought to be satisfied is not against him, but another.

3. Execution ⬤⇒171(4)—Injunction will issue to third person whose land is sought to be sold under execution on a judgment against another.

Where a sale on execution of real estate is sought to be made against land not owned by the judgment debtor, but by a third person, injunction will issue to the latter on his applica-

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion to restrain the sale, in view of Rev. St. art. 4643, authorizing courts to grant writs of injunction, where such a sale would cast a cloud on the title of real estate sought to be sold.

**4. Injunction ⬤═150—Irregularities in service of restraining order held not to affect validity of injunction of which defendants were apprised in some efficient way.**

Where a restraining order was served before it was issued, and service was on the sheriff, one of the defendants, by that officer's deputy, if these circumstances constituted. irregularities, they do not affect the validity of the injunction of which defendants were apprised in some efficient way.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by Domingo Allala and others against Andres Pacheco and others. From a judgment granting temporary injunction, defendants appeal. Affirmed.

Graham, Jones, Williams & Ransome, of Brownsville, for appellants.

H. L. Yates, of Brownsville, for appellees.

SMITH, J. It appears from the record that the lands of appellees are about to be sold under execution to satisfy a debt owing by another to a third party, as evidenced by a judgment to which appellees, the owners of the land, are strangers. At the instance of the owners of the land the court below granted a temporary injunction restraining the sale. The execution was based upon a judgment for $7,632, with interest. The injunction bond required and given was in the sum of only $500.

[1, 2] Appellants, the judgment creditors, first contend that the injunction is to restrain the "execution of a money judgment or the collection of a debt," as contemplated in article 4650, R. S., in which it is further provided that in such case the injunction bond shall be "fixed in double the amount of such judgment or debt," and appellants insist that the bond for a less amount is insufficient to support the injunction, which is therefore void. We overrule the contention, for it is held that the purpose and effect of an injunction to restrain a sale of real estate under execution is not to restrain the execution of a moneyed judgment or the collection of a debt, and that in such case the court may fix bond in such amount as seems appropriate under the facts of the case. Article 4650; Manes v. Bletsch (Tex. Civ. App.) 239 S. W. 307; Hicks v. Murphy (Tex. Civ. App.) 151 S. W. 845; Bank v. Barbee (Tex. Civ. App.) 255 S. W. 1023. We think, too, if the statute were otherwise applicable, it would not apply here, because the judgment on which the execution is based is not against the owner of the land seeking the injunction, nor is the debt sought to be satisfied against him, but another.

[3] It is next contended that appellees were not entitled to an injunction, because they had an adequate remedy at law. It is true that in early cases it was held, upon this ground, that an injunction will not be issued to restrain the sale upon execution of real estate which was not owned by the judgment debtor, but by a third person, who makes the application. Carlin v. Hudson, 12 Tex. 202, 62 Am. Dec. 521; Griffin v. Chadwick, 44 Tex. 409; Whitman v. Willis, 51 Tex. 421. But it is now expressly provided by statute that courts may grant writs of injunction "where a cloud would be put on the title of real estate being sold under an execution against a person, * * * having no interest in such real estate subject to the execution at the time of the sale," which is the precise case presented here. Article 4643, R. S.; Winkie v. Conatser (Tex. Civ. App.) 171 S. W. 1017; Allen v. Carpenter (Tex. Civ. App.) 182 S. W. 430.

[4] It is also contended by appellants that service of the restraining order is void, first, because the order was served before it was issued, and, second, because it was served on the sheriff, one of the defendants, by that officer's deputy. If these circumstances constituted irregularities, the consequences are immaterial. They do not affect the validity of the injunction, of the issuance of which the defendants seem to have been apprised in some efficient way. It is sufficient that they received notice, and are observing the order.

The judgment is affirmed.