**WEMPLE et al. v. BRIGANCE.    (No. 1408.)**

(Court of Civil Appeals of Texas. Beaumont. March 16, 1926.)

**I. Mortgages ⚖➔338.**

As respects right to enjoin sale under deed of trust, evidence *held* to show that mortgagee retracted declaration of exercise of option to declare whole amount of note due.

**2. Mortgages ⚖➔302—Tender by mortgagor of installments due on mortgage held adequate and complete.**

Tender by mortgagor of installments due on mortgage notes *held*, in view of refusal of mort-

gagee to accept same without consultation with trustee, to be adequate and complete.

**3. Appeal and error ⚖➔846(5) — Where trial judge filed no findings of fact or conclusions of law, findings of fact, having reasonable support in evidence, are binding.**

Where trial judge filed no formal findings of fact or conclusions of law, any finding of fact involved in judgment or order appealed from, if supported in evidence, is binding, and all conflicts in testimony are to be decided in favor of correctness of court's judgment.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by T. J. Brigance against C. S. Wemple and another. From a judgment for plaintiff, and an order denying motion of defendants to dissolve a temporary injunction, defendants appeal. Judgment and decree affirmed.

James A. Harrison, of Beaumont, for appellants.

Smith, Crawford & Sonfield, of Beaumont, for appellee.

HIGHTOWER, C. J. The appellants in this cause, C. S. Wemple and R. E. Masterson, prosecute this appeal from an order of the honorable George C. O'Brien, judge of the Fifty-Eighth judicial district of Texas, refusing and denying a motion of appellants to dissolve a temporary injunction which the judge had theretofore granted, upon the petition and prayer of the appellee, Brigance, restraining and enjoining appellants from selling a certain tract of land in the H. C. Williams League in Jefferson county under the provisions of a deed of trust in which appellant Masterson is the trustee for the use and benefit of appellant Wemple.

The temporary injunction granted to the appellee in this cause and the district judge's action in declining and refusing to dissolve it upon motion of appellants are based upon the following facts, stated substantially:

On December 1, 1923, appellant Wemple conveyed by deed the land in controversy to one Garreston and his wife, and as a part of the purchase money for the land Garreston and wife executed in favor of Wemple their promissory note for $2,200, payable by installments of $90 each every three months thereafter, bearing interest at the rate of 8 per cent. per annum from date, and containing the further express provision that, in the event any installment was not paid when due, the payee or holder of the note should have the option to declare the whole note due, and to require the trustee to sell the land and apply the proceeds to its payment.

After Garreston and wife had acquired the land, they conveyed it to the appellee, Brigance, and he assumed the payment of the balance due on the note at the time of his purchase in accordance with the provisions and terms of the note and deed of trust.

All installments due on the note were regularly paid up to the one that became due on September 1, 1925, and this was not paid when due, but it was agreed between appellant Wemple and appellee, Brigance, that the due date of this installment be extended to December 1, 1925, and the extension was made accordingly. On December 1, 1925, another installment of the note had become due, both installments then due aggregating $189, with accrued interest. On that date the note was in one of the banks in the city of Beaumont, where it had been left by Wemple with instructions to the bank to collect it as the installments became due. The bank, in keeping with its custom, several days before the installments mentioned were due, notified appellee of that fact, and requested him to call at the bank and attend to the matter. Appellee did not call at the bank on December 1, 1925, for the reason that he was at that time engaged in the dairy business, and did not get through with his milk deliveries on that day until about 4 o'clock p. m., and it was then too late to give attention to the note at the bank, the bank being closed at that hour.

On December 2, 1925, about 10 o'clock a. m., appellee called at the bank in response to the notice sent him, for the purpose of paying the two installments then due on the note, but was then informed by the bank that appellant Wemple had withdrawn the note from the bank, and that the bank no longer held the note for collection. Appellee testified on trial of the motion to dissolve that, upon being informed by the bank that Mr. Wemple had withdrawn the note, on the next morning, December 3, 1925, he went to Mr. Wemple's office in the city of Beaumont, about 10 o'clock a. m., and told Mr. Wemple, in substance, that he had come up to pay whatever was due on the note, and that thereupon, for the first time, he was informed by Mr. Wemple that he had declared the entire note due, and that he had placed it the day before in the hands of Mr. Masterson, the trustee, with instructions to proceed to sell the land under the provisions of the deed of trust, in payment of the whole amount of the note, including principal and interest. Appellee further testified, in substance, that on this occasion he asked Mr. Wemple if he would not accept payment from him of the two installments then due, to which Mr. Wemple replied that he could not do so because he had already placed the note and deed of trust in the hands of Mr.. Masterson, the trustee, and told appellee to go to see Mr. Masterson about the matter. Thereupon, according to the testimony of appellee, he left Mr. Wemple's office, but did not go on that day to see Mr. Masterson about the matter, but did call ·to see Mr. Masterson at the latter's office in the city of Beaumont on the 5th or 6th day of December, 1925. When he reached Mr. Masterson's office on this date he stated to Mr. Masterson, in substance, according to appellee's testimony, that he had been up to see Mr. Wemple for the purpose of paying what was due on the note, but that Mr. Wemple informed him that he (Wemple) had placed the note and deed of trust in Mr. Masterson's hands for attention, and that for that reason Mr. Wemple had declined to accept from appellee the payment of the two installments that were then due on the note, and had told him to call and see Mr. Masterson about the matter. At the time appellee called at Mr. Masterson's office and had this conversation with him, he then had the money in his pocket in sufficient amount to pay the two installments due on the note according to its provisions, and he testified that he then asked Mr. Masterson if he would see Wemple and get him to accept the two installments then due on the note according to its provisions, and, in substance, that Mr. Masterson then told him that he would try to see Mr. Wemple and get him to accept the payment of the two installments then due. He also testified, in substance, that he then asked Mr. Masterson if he would accept the two installments then due on the note, and that Mr. Masterson told him, in substance, that he would not until he saw Mr. Wemple about it. It was a reasonable inference for the trial judge to draw from the testimony of the appellee that at the time he called to see Mr. Masterson, as above stated, he was willing, ready, and able to pay the two installments that were due on the note, according to its provisions, and had with him the money for that purpose, and that this fact was known to Mr. Masterson at that time, and the trial judge was further authorized to conclude from the evidence of appellee that appellee asked Mr. Masterson if he would accept the two installments then due on the note.

After having had the conversation with Mr. Masterson, as just above stated, appellee left his office without having paid either of the installments due on the note according to its provisions, and thereafter, several days later, he again went to Mr. Masterson's office, and, according to his testimony, stated, in substance, Mr. Masterson told him that he would have to pay the entire amount of the note, something over $1,900, which, according to appellee, he was not able to do, and, according to his testimony, further stated, in substance, he was not permitted to pay the two installments that were due on the note according to its provisions, and did not do so, and that when Mr. Masterson, the trustee, posted notices that he would proceed under the deed of trust to sell the land involved in payment of the whole amount of the note, he was compelled to apply for the temporary injunction in order to prevent the sale of his property.

Mr. Wemple, as a witness on hearing of

the motion to dissolve, testified, in substance, that appellee did call at his office on the morning of the 3d of December, 1925, and stated to Mr. Wemple, in substance, at that time that he had come up to pay what was due on the note, and that he (Wemple) then informed appellee that he could not accept payment of the two installments due, for the reason that he had declared the whole amount of the note due, and had placed it in the hands of Mr. Masterson, as trustee under the deed of trust. Mr. Wemple further testified, in substance, that he, at the same time, told appellee that he had written him a letter just the day before, in which he (Wemple) stated to appellee that he had declared the whole note to be due, for the reason that appellee had not paid the two installments due on the 1st of December, 1925, as he should have done. In connection with Mr. Wemple's testimony, appellants offered in evidence below a letter dated December 2, 1925, addressed to appellee, and also a letter addressed to Garreston and wife, informing each of them that he (Wemple) had declared the note due for its full amount, and had placed the matter in the hands of the trustee, Mr. Masterson, with instructions to proceed to sell the land under the provisions of the deed of trust, in payment of the note. In this connection, we might further say that appellee testified that he did not receive this letter until the morning of the 4th of December, 1925, the letter having been addressed to a street number where appellee's mother lived in the city of Beaumont, and the letter was handed to him by his mother on the morning of the 4th of December, 1925.

Mr. Masterson, the trustee in the deed of trust, was a witness on the hearing of the motion to dissolve, and the substance of his testimony was that on the 2d day of December, 1925, Mr. Wemple came into his office with the note and deed of trust and handed them to Mr. Masterson, as trustee, with the statement, in substance, that he wanted Mr. Masterson to proceed to sell the land under the provisions of the deed of trust because of appellee's failure to pay the two installments that were due on the note on December 1st. Thereupon, according to Mr. Masterson's testimony, stated in substance, he informed Mr. Wemple that he would have to first declare the full amount of the note to be due, and Mr. Wemple asked him about how this should be done, and he stated to Mr. Wemple that he should give written notice to Garreston and wife that he had declared the whole note due, and that this might be done in the form of a letter. Thereupon, according to Mr. Masterson's testimony, Mr. Wemple stated to him that appellee was in possession of the land, and Mr. Masterson thereupon advised that appellee should also be notified of Mr. Wemple's purpose to declare the whole note due. Mr. Mas-

terson further testified, in substance, that he thereupon dictated to Garreston and wife and to appelleee the form of the letter notifying them of Mr. Wemple's intention regarding the note, and gave the letters to Mr. Wemple, who then left Mr. Masterson's office.

There is some little conflict between the testimony of Mr. Masterson and the appellee on several minor points, which it is not necessary to here mention, but there was one material point, we think, also, in which the testimony of Mr. Masterson and that of the appellee was in conflict, which was this: Mr. Masterson testified, in substance, on his redirect examination, that he did not decline or refuse to accept payment from appellee of the two installments that were due on the note after it had been placed in his hands by Mr. Wemple, but that, on the contrary, he expressly stated to appellee that he would accept the two installments due on the note, with interest, but that appellee never stated to him his willingness to pay those installments. Thus it will be seen that there was a conflict on this point between the appellee and Mr. Masterson, the appellee having testified, in substance, as we have shown, that he asked Mr. Masterson when he went to his office if he would not accept from him payment of the two installments then due on the note, and that Mr. Masterson stated that he would not.

Counsel for appellant, in his brief in this matter, assails the action of the trial judge in refusing to dissolve the temporary injunction upon the ground, mainly, that the undisputed evidence on all material points in this case showed that appellant Wemple exercised the legal right or option that he had under the provisions of the note and deed of trust to declare the whole amount of the note due after appellee had made default in the payment of the two installments that were due December 1, 1925, and before any tender had been made by appellee of the payment of those installments, and that, therefore, it was the bounden duty of the trial judge, and he had no discretion otherwise, to dissolve the temporary injunction, as moved by appellants.

[1, 2] There can be no doubt that under the provisions of the note it was optional with appellant Wemple to declare the whole amount of the note due upon appellee's failure to pay the two installments, with accrued interest, on December 1, 1925, and this is conceded by counsel for appellee. But, while such option was given to Wemple, and he had the legal right to exercise it, it was incumbent upon him, in order to avail himself of that legal right, to in some manner make a clear, positive, and unequivocal declaration of the option that was given him to declare the full amount of the note to be due before tender of payment had been made by appellee of the two install-

ments that were due on December 1, 1925. City National Bank of Corpus Christi v. Pope (Tex. Civ. App.) 260 S. W. 903. We doubt whether the evidence adduced upon the hearing of the motion to dissolve, as we have stated it above, compelled a finding and holding by the trial judge that Mr. Wemple did make a positive, clear, and unequivocal declaration or exercise of his option to declare the whole amount of this note due before tender of payment of the two installments due on December 1, 1925, was made by appellee. We have shown that, when appellee called at Mr. Wemple's office on the morning of December 3, 1925, it was for the purpose, as he declared to Mr. Wemple, of paying all that was then due on the note, and he so stated to Mr. Wemple. But Mr. Wemple, as we view the testimony, did not positively and unequivocally then declare to appellee that he would not permit him to pay the two installments then due, but he informed appellee that he had placed the note in the hands of the trustee, Mr. Masterson, and advised the appellee to go to see Mr. Masterson about the matter. We think, clearly, that it is a reasonable inference or deduction to draw from this statement made by Mr. Wemple to appellee that, if it was all right with Mr. Masterson for the appellee to pay the two installments then due, it would be all right with him, Mr. Wemple. Now, we have shown that appellee afterwards went to Mr. Masterson's office and told him that he had been to Mr. Wemple's office for the purpose of paying what was due on the note, and that Mr. Wemple had advised him to go to Mr. Masterson and settle the matter with him, and appellee attempted to follow out that advice. Now, according to his testimony, as we have substantially stated it, he had the money with him when he went to Mr. Masterson's office in sufficient amount to pay the two installments then due on the note, and asked Mr. Masterson if he would accept them, and Mr. Masterson stated that he would not without seeing Mr. Wemple. When Mr. Masterson, we have shown, testified on this point, he stated that he did not refuse or decline to accept payment of the two installments then due on the note, but that, on the contrary, he expressly stated to appellee that he would accept the two installments then due on the note. If Mr. Masterson did agree to accept the two installments then due on the note, we think it ought to be held that in legal contemplation Mr. Wemple had retracted or withdrawn the declaration of the exercise of his option to declare the whole note due, as he had a right to do, because, as we have shown, he had, in effect, stated to appellee that whatever Mr. Masterson agreed to do about the matter would be agreeable to him (Mr. Wemple). Therefore, even if what Mr. Wemple had done and said

and written regarding his intentions to declare the full amount of the note due before appellee went to his office and tendered payment of the two installments due amounted to a clear and unequivocal declaration of Wemple's option to declare the whole note due, it ought to be held, we think, that his statement and advice to appellee to go and see Mr. Masterson, and, if it was agreeable with him, the two installments due on the note might be paid, was a retraction and withdrawal by Mr. Wemple of the exercise of his option. And if Mr. Masterson, who ought to be held as acting as the agent, under these facts, for Mr. Wemple, agreed to accept, as he testified he did, the two installments due, there was a complete retraction and withdrawal by Wemple of the exercise of his option to declare the whole note due, and the tender that had been made to him, beyond any question by appellee, was adequate and complete.

[3] The trial judge filed no formal findings of fact or conclusions of law, and therefore any finding of fact involved in the judgment or order appealed from, if it has any reasonable support in the evidence, is binding upon and ought to be sustained by this court, and all conflicts involved in the testimony to be decided by us in favor of the correctness of the court's judgment.

No useful purpose would be served by protracting this opinion to greater length, and it is our order that the judgment and decree appealed from should be affirmed.