**W. L. DENBINA et ux., Appellants,**

v.

**CITY OF HURST, Texas, Appellee.**

No. 784.

Court of Civil Appeals of Texas, Tyler.

Nov. 21, 1974.

Rehearing Denied Dec. 19, 1974.

Ernest May, Fort Worth, for appellants.

George A. Staples, Jr., City Atty., Hurst, for appellee.

MOORE, Justice.

The principal question involved in this case is whether the cause of action made the basis of the City's suit amounted to a compulsory counterclaim under Rule 97(à), Texas Rules of Civil Procedure, and is therefore barred by a declaratory judgment rendered in favor of the defendants, W. L. Denbina and wife, in the prior suit against the City. The present suit was instituted by appellee, City of Hurst, against appellants, W. L. Denbina and wife, on September 12, 1972, seeking a personal judgment against the Denbinas for the sum of $1,858.-16 upon a paving assessment levied against them by the City in paving a street abutting their property. Appellants answered with a general denial and a plea in bar alleging that prior to the time the present suit was filed, they had brought suit against the City seeking to declare the paving assessment lien void on the ground that the property in question was their homestead and that the previous suit resulted in a judgment declaring the paving lien void. Therefore they alleged that the City's claim against them in the present suit for personal judgment on the assessment amounted to a compulsory counterclaim in the previous suit and since the City took a non-suit on its claim in the prior suit prior judgment stands as a bar because of the provisions of Rule 97(a), supra. On December 12, 1973, the trial court, sitting without a jury, rendered a personal judgment against the Denbinas for $1,152.52 representing the amount of the final installment due on January 1, 1973, but denied the City a recovery for the remaining $716.63 alleged to be due apparently on the ground that the latter amount constituted a compulsory counterclaim and that the City had waived a recovery thereof by taking a non-suit on its counterclaim in the prior declaratory judgment suit. The City makes no complaint of the judgment. Appellants, W. L. Denbina and wife, perfected this appeal.

We affirm.

The facts are undisputed. On December 10, 1968, the City of Hurst passed a resolution levying a special assessment against appellants for the cost of paving a street abutting their property. The certificate of special assessment provided for a lien to secure payment thereof in the amount of $5,757.59, payable in five equal installments of $1,151.52 each, with the first becoming due on January 1, 1969, and the final installment becoming due on January 1, 1973. The certificate of assessment contained in acceleration clause as follows:

"That if default is made in the payment of any of such installments or interest, the entire unpaid balance of the assessment plus interest shall, without notice to said owners and at the option of the holder of this certificate, immediately become due and payable, together with expenses of collection and reasonable attorney's fees, if incurred. In the event of such default, collection shall be enforced by suit in any court having jurisdiction, and the City of Hurst shall exercise all of its lawful powers, when

requested by the holder hereof, to aid in the collection of such assessment."

On December 21, 1971, W. L. Denbina et ux., filed a declaratory judgment suit against the City of Hurst in the District Court of Tarrant County in Cause No. 153–10896–71 seeking to have the assessment declared void on the ground that the property assessed constituted their homestead. The City answered the suit with a general denial and with a counterclaim alleging that the Denbinas were delinquent in their payments in the amount of $716.63 and because of the delinquency the City had elected to exercise its option to accelerate maturity upon the final installment of $1,151.52. At the time the City filed its counterclaim in that suit on January 7, 1972, the Denbinas were delinquent in their payments in the amount of $716.63. The final installment in the amount of $1,151.52 was not due, but the City, by electing to accelerate maturity, sought a total recovery of $1,858.16. Prior to the time the court pronounced judgment in that case, the City took a non-suit on its counterclaim. On June 28, 1972, the court entered judgment declaring the lien created by the special assessment on the Denbinas' homestead to be void and unenforceable and recited that the City had taken a non-suit on its counterclaim. While the court declared the lien to be void, the judgment did not purport to absolve appellants of personal liability upon the assessment.

After the judgment in the prior suit became final, the City instituted the present suit. The City's petition in the suit at bar is identical with its petition on its counterclaim in the prior suit, except the City did not seek to foreclose the assessment lien, but sought only a personal judgment against the Denbinas. The judgment for $1,152.52 rendered in favor of the City in the case at bar was apparently rendered on the theory that the conduct of the City in taking a non-suit in the prior action had the effect of revoking or withdrawing its exercise of the option to accelerate maturity on the final installment not then due.

Based on this premise, the court apparently concluded that the final installment became an unmatured claim and for that reason it did not amount to a compulsory counterclaim and hence was not barred by the judgment in the prior suit.

Appellants contend that the trial court erred in rendering judgment against them for the $1,152.52 due on the final installment because the City, by exercising its option to accelerate, made the claim a compulsory counterclaim and the City had no right to unilaterally revoke the exercise of its option by taking a non-suit. They argue that as a result of the acceleration the final installment became a matured claim which the City waived by taking a non-suit, therefore they contend that the judgment of the prior suit is res judicata and stands as a bar to the same claim in the present suit. In reply, the City contends that it had a right to take a non-suit in the prior action, and that by doing so it revoked or withdrew its option to accelerate maturity of the final installment. Based on this premise, the City maintains that after having revoked its option, the final installment no longer amounted to a matured claim and for that reason it did not fall under the classification of a compulsory counterclaim. Alternatively, the City argues that the compulsory counterclaim rule does not apply in declaratory judgment actions.

■ We direct our attention first to the question of whether Rule 97(a) requires a compulsory counterclaim to be filed in a declaratory judgment action. Rule 97(a) reads, in part, as follows:

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * * ."

We find nothing in the language of the rule indicating that it was not designed to apply to a declaratory judgment action. There appears to be no cases in this jurisdiction bearing directly on this point. In our research, we find Rule 97(a) is practically identical with Rule 13(a) of the Federal Rules of Civil Procedure. The Federal Courts hold that a counterclaim for money is a compulsory counterclaim in suits for a declaratory judgment. Kwong v. Occidental Life Ins. Company of California, 5th Cir., 273 F.2d 691; Haberman v. Equitable Life Assurance Society, 5th Cir., 224 F.2d 401. While not controlling, these decisions are persuasive. Since Rule 97 contains no exceptions with regard to the type of suits to which it applies, we think counterclaims for affirmative relief are compulsory in suits seeking declaratory relief when the conditions stated in Rule 97 are present. McDonald, Texas Civil Practice, 1970 Ed. Sec. 2.06, p. 185.

But even so we do not believe the rule to be applicable to the circumstances presented here. Under Sections (a) and (d) of the rule a party is not required to file a counterclaim unless the claim is mature at the time his answer is due. McDonald, Texas Civil Practice, Sec. 7.49 p. 285. As we view the record, the City had a right to withdraw or revoke its option to accelerate payment, and effectively expressed its intent to do so by taking a non-suit. The revocation had the affect of notifying the appellants that the City would not insist on the payment of the final installment until the date specified in the assessment. Consequently, the final installment, not being a matured claim, was not subject to the provisions of the compulsory counterclaim rule and therefore would not be barred by the judgment in that suit.

It is generally held that the action of the obligee in exercising his option to accelerate payment and declare all of the notes of a series due, absent some object of the maker, does not render irrevocable his right to waive the exercise of the option, the doctrine of election of remedies being inapplicable. 10 C.J.S. Bills and Notes § 251, p. 753, citing Manes v. Bletsch, 239 S.W. 307 (Tex.Civ.App., Austin, 1922, n. w. h.); Dallas Joint Stock Land Bank v. King, 167 S.W.2d 245 (Tex. Civ.App., Fort Worth, 1942, writ ref'd). We see no reason why this rule should not be applied here. Appellants contend that appellee having already exercised its option to accelerate, made the acceleration irrevocable. This may be true as against the will of the payor, but, where the payor makes no objection to the recall of the option, we see no reason why the City could not revoke the same as well as not to have exercised it in the beginning. Manes v. Bletsch, supra. There is nothing in the record indicating appellants made any objection to the recall brought about by the non-suit prior to the time the judgment was rendered in the previous suit.

In conclusion it should be pointed out that there is error in the judgment in favor of the City in the amount of $1.00. The judgment awards the City the sum of $1,152.52, whereas it should have awarded the City the sum of $1,151.52, the correct amount of the final installment. However, since appellants did not seek a correction, the judgment stands.

The judgment of the trial court is affirmed.