# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-16-00235-CV

**Frances K. Graham, Appellant**

**v.**

**LNV Corporation, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. D-1-GN-15-001323, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Frances K. Graham, appearing pro se, challenges the district court's rendition of summary judgment in favor of LNV Corporation in Graham's declaratory-judgment action against LNV. In three issues, Graham contends that the district court erred in granting LNV summary judgment. We will affirm.

## BACKGROUND

Graham filed the underlying suit in April 2015 immediately after receiving notice of a foreclosure sale of her residence located at 2405 Crownspoint Drive (the Property). In her petition, Graham alleged that she obtained a loan from Argent Mortgage Company, LLC in 2005 to finance her purchase of the Property. LNV is Argent's successor in interest and was the holder of the note. The note was secured by a deed of trust in which Graham granted and conveyed the Property to the trustee to hold in trust with the power of sale. According to Graham, she defaulted on the note at some

time before August 30, 2010. On August 30, 2010, LNV sent Graham a notice of default informing her that she was in default of the note and that failure to cure the default would result in acceleration of the principal secured by the deed of trust and sale of the Property securing the note. Graham alleged in her petition that LNV later advised her that the note had been accelerated "on or before October 3, 2010." In July 2013, LNV recorded a removal of trustee and appointment of substitute trustee. On March 16, 2015, LNV recorded a notice of a foreclosure sale to be held on April 7, 2015.

Graham then filed the underlying suit seeking a temporary restraining order and injunctive relief prohibiting LNV from foreclosing on the Property. Graham also sought a declaration that LNV had no right or interest in the Property because, due to the passage of more than four years since the October 2010 acceleration of the note, "the real property lien and a power of sale to enforce the real property lien by LNV is void." The trial court signed a temporary restraining order but, when Graham failed to post the bond required thereunder, the foreclosure sale went forward and LNV acquired title to the Property at the sale. Graham then amended her petition to assert a cause of action for wrongful foreclosure based on limitations and requested a declaration that LNV did not have the power to foreclose on the Property and, consequently, the sale was void. LNV filed a general denial and a counterclaim seeking to enjoin Graham from filing further suits against LNV related to the Property or any associated loans or secured interests.

LNV filed a motion for summary judgment in which it asserted that Graham's claims were barred by res judicata as a consequence of two previous lawsuits between Graham and LNV related to the Property. LNV also argued that the statute of limitations did not bar its ability to sell the Property pursuant to the power of sale in the deed of trust creating the lien on the Property.

2

Graham also filed a motion for summary judgment, in which she asserted that LNV had no power to foreclose on the Property because it had failed to sue to enforce its lien and to foreclose on the Property within the statutory limitations period. Graham asserted that, as a matter of law, she was entitled to declarations that the foreclosure sale deed was void and that she was the current and sole owner of the Property.

The trial court granted LNV's motion for summary judgment, rendered judgment that Graham take nothing by her claims against LNV, and dismissed her claims with prejudice. The trial court also granted LNV's request for an injunction preventing Graham from filing, initiating, or prosecuting any claim, action, or proceeding against LNV in any way related to or involving the Property.[1] Graham then perfected this appeal in which she challenges the summary judgment on two grounds. First, she asserts that the trial court erred in concluding that the foreclosure sale was not barred by limitations. Second, she argues that the trial court erred in concluding that res judicata barred her claims against LNV.

## STANDARD OF REVIEW

We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 291 (Tex. 2004). When, as here, both parties move for summary judgment

---

[1] Graham has not appealed the trial court's ruling on LNV's request for injunctive relief.

3

on overlapping issues and the trial court grants one motion and denies the other, we review the summary-judgment evidence presented by both sides, determine all questions presented, and render the judgment that the trial court should have rendered. *Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). When the trial court does not specify the ground for its ruling, summary judgment must be affirmed if any of the grounds on which judgment was sought are meritorious. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency*, 390 S.W.3d 289, 292 (Tex. 2013).

## DISCUSSION

A sale of property under a mortgage deed of trust must be made within four years after the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.035(b). Ordinarily, a cause of action does not accrue until "the maturity date of the last note, obligation, or installment." *Id.* § 16.035(e). However, if, as here, the note or deed of trust contains an optional acceleration clause, the cause of action accrues—and the statute of limitations begins to run—when the holder "actually exercises" its option to accelerate. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566-67 (Tex. 2001). Effective acceleration requires two acts: (1) notice of intent to accelerate and (2) notice of acceleration. *Id.* at 566.

Graham contends that the cause of action for foreclosure accrued on or about October 3, 2010, the date she claims that LNV notified her that it had accelerated her note.[2]

_____

[2] There is no summary-judgment evidence in the record that establishes the date that LNV initially notified Graham that it had accelerated the note. Graham made representations that the note

4

According to Graham, because more than four years had elapsed since the loan was accelerated in October 2010, the statute of limitations had expired, and LNV's lien and power of sale were void at the time it sought to foreclose in April 2015. *See* Tex. Civ. Prac. & Rem. Code § 16.035(b); *Wolf*, 44 S.W.3d at 567 (if lender does not foreclose within four years of day cause of action accrues, real property lien and power of sale to enforce it become void). LNV counters that the foreclosure was not barred by limitations because it rescinded its acceleration on June 5, 2014, which restored the note to its original terms and reset the statute of limitations. *See Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (when party abandons acceleration, contract is effectively restored to its original condition, including note's original maturity date). Thus, to affirm summary judgment in LNV's favor, there must be conclusive evidence that the four-year limitations period in Texas Civil Practice and Remedies Code section 16.035 had not run such that foreclosure was barred. For Graham to prevail, she must have conclusively established the opposite.

---

was accelerated on or before October 3, 2010, in her original petition, in an unsworn statement attached thereto, and in her response to LNV's motion for summary judgment. In her brief on appeal, Graham represents that the note was accelerated on or before October 2 [sic], 2010. We regard this assertion of fact as a formal judicial admission of the date that LNV accelerated the note. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) ("[W]hether a holder has accelerated a note is a fact question to which parties may, and in this case did, agree."); *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) ("Assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions."). Although Graham states in her appellate brief that the record includes evidence that the note had been accelerated by July 2010, the document she relies on, an affidavit filed in a bankruptcy proceeding by LNV's predecessor in interest MCG Mortgage Inc., simply states that Graham had defaulted on twenty-three note payments and that the "approximate payoff amount" of the note was $218,084.71. The affiant did not state that the note had been accelerated.

The summary-judgment evidence includes a letter dated June 5, 2014, which Graham acknowledges she received, wherein counsel for LNV informs her that LNV "hereby rescinds the acceleration of the debt and maturity of the Note," and states that "the Note and Security Instrument are now in effect in accordance with their original terms and conditions, as though no acceleration took place." Graham asserts, however, that this letter could not serve to rescind the October 3, 2010 acceleration of the note because "there was no mutual agreement to rescind the acceleration" and LNV's "unilateral declaration" of rescission was not binding on her. We disagree.

Texas appellate courts have held that the holder of a note who has exercised its option to accelerate may unilaterally abandon acceleration of the note so long as the borrower neither detrimentally relied on the acceleration nor objected to the abandonment of the acceleration. *See Swoboda v. Wilshire Credit Corp.*, 975 S.W.2d 770, 776-77 (Tex. App.—Corpus Christi 1998, pet. denied), *disapproved of on other grounds by Wolf*, 44 S.W.3d at 570; *Dallas Joint Stock Land Bank v. King*, 167 S.W.2d 245, 247 (Tex. Civ. App.—Fort Worth 1942, writ ref'd) ("[A]fter a note has been declared all due under a provision giving the holder the option to do so, [the holder] may waive or rescind such action so as to reinstate the note and make it payable again according to its original terms."); *Manes v. Bletsch*, 239 S.W. 307, 309 (Tex. Civ. App.—Austin 1922, no writ) ("Appellant contends that, having already exercised his option, the same was irrevocable. This may be true as against the will of the payer, but, where the payer is not objecting to the recall of such option, we can see no reason why the payee could not revoke the same as well as not to have exercised it in the beginning."). In the absence of a notice of rescission of acceleration, the note holder may waive or abandon acceleration, without agreement from the debtor, "by other action." *See Wolf*, 44 S.W.3d

6

at 566-67 (noting holder's ability to abandon acceleration by continuing to accept payments without exacting available remedies); *Santibanez v. Saxon Mortg. Inc.*, No. 11-10-00227-CV, 2012 WL 3639814, at *2 (Tex. App.—Eastland Aug. 23, 2012, no pet.) (mem. op.) ("The parties can abandon acceleration and restore the contract to its original terms by agreement *or* actions." (emphasis in original)); *Khan*, 371 S.W.3d at 356 ("[I]f an agreement abandoning acceleration had to be in writing, then the parties would not be able to do it by their actions alone, as *San Antonio Real Estate* [*Building & Loan Ass'n v. Stewart*, 61 S.W. 386 (Tex. 1901)] holds."); *Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. Civ. App.—Tyler 1974, no writ) (finding that note holder abandoned acceleration when it took non-suit on counterclaim).

Texas courts have analyzed the issue of abandonment by reference to traditional principles of waiver. *See Denbina*, 516 S.W.2d at 463 (explaining that note holder may "waive the exercise of the option" to accelerate note after it "already exercised its option"); *Dallas Joint Stock Land Bank*, 167 S.W.2d at 247 (holding that lender may "waive or rescind" its option to accelerate after exercising it); *see also Khan*, 371 S.W.3d at 354 n.1 (explaining that "the case law simultaneously refers to both waiver and abandonment," while Texas Supreme Court recently adopted terminology "abandonment of acceleration"). The elements of waiver include: (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right. *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). "Waiver . . . can occur either expressly, through a clear repudiation of the right, or impliedly, through conduct inconsistent with a claim to the right." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511

7

(Tex. 2015). Waiver is "essentially unilateral in its character. It need not be founded upon a new agreement or be supported by consideration, nor is it essential that it be based upon an estoppel." *Massachusetts Bonding & Ins. Co. v. Orkin Exterminating Co.*, 416 S.W.2d 396, 401 (Tex. 1967). Waiver is a question of law when the facts that are relevant to a party's relinquishment of an existing right are undisputed. *Id.*

In the present case, it is undisputed that LNV expressly abandoned its acceleration of the note by letter dated June 5, 2014. Thus, we need not consider the conduct of the parties in order to conclude that LNV intended to waive, abandon, or rescind the previous acceleration. While Texas courts have not resolved the question of whether a note holder can unilaterally rescind acceleration over the objection of the debtor or despite the debtor's detrimental reliance on the acceleration, we need not decide that issue in this case because there is no summary-judgment evidence that Graham objected to LNV's act of rescinding by letter the previous acceleration of the note or that she detrimentally relied on the acceleration.[3] In an affidavit filed in response to LNV's motion for summary judgment, Graham states that she "did receive the notice of acceleration" but "had no idea why it was sent" and that she "called several attorneys to ask them, but no one knew the reason for the rescission." In her brief to this Court, Graham asserts that when she received the letter "she did not answer, protest or in any manner dispute the declaration [of rescission], as she

_____

[3] For a thorough discussion of Texas case law on rescission, abandonment, or waiver of acceleration of notes and the unresolved question of the validity of unilateral rescission in the face of a debtor's objection or detrimental reliance on the acceleration, *see Callan v. Deutsche Bank Trust Co. Ams.*, 93 F. Supp. 3d 725, 727-34 (S.D. Tex. 2015). *See also Murphy v. HSBC Bank USA*, 95 F. Supp. 3d 1025, 1039 & n.19 (S.D. Tex. 2015) (holding that lender could abandon acceleration unilaterally by its own actions but acknowledging authority holding that acceleration "may not be abandoned unilaterally where the borrower has detrimentally relied on the acceleration").

believed it to be an offer and she simply did not accept." There is no evidence that Graham objected to LNV's express rescission of the previous acceleration of the note. There is also no evidence that Graham in any way relied to her detriment on the acceleration such that unilateral rescission might be unavailable.

We also observe that, while this case was pending in the district court, the Legislature enacted a new statute entitled "Rescission or Waiver of Accelerated Maturity Date." The new statute states:

> If the maturity date of . . . a note . . . payable in installments is accelerated, and the accelerated maturity date is rescinded or waived in accordance with this section before the limitations period expires, the acceleration is deemed rescinded and waived and the note . . . shall be governed by Section 16.035 as if no acceleration had occurred.

Tex. Civ. Prac. & Rem. Code § 16.038(a). The statute provides that rescission or waiver is effective if made by "a written notice of a rescission or a waiver" served by first class or certified mail. *Id.* § 16.038(b), (c). The Legislature provided that the new statute "applies with respect to a maturity date accelerated before, on, or after the effective date of this Act [June 17, 2015] and any notice of rescission or waiver of an accelerated maturity date served before, on, or after the effective date of this Act." *See* Act of May 26, 2015, 84th Leg., R.S., ch. 759, § 1, 2015 Tex. Gen. Laws 2309, 2310. While the statute affirmatively states that it does not create an exclusive method for abandoning or waiving acceleration, it does provide a specific mechanism by which a lender can unilaterally waive its earlier acceleration. LNV did not rely on this statute in its motion for summary judgment and does not cite the statute in its briefing to this Court and, consequently, we do not affirm the summary

9

judgment on that basis. However, we note that it appears that the statute would apply and, if raised, would supply an independent legal ground for the trial court to grant a motion for summary judgment in LNV's favor based on the conclusion that LNV's June 5, 2014 letter operated to rescind the previous acceleration and reset the limitations period such that the April 2015 foreclosure was not barred by the four-year statute of limitations in section 16.035(b).

The June 5, 2014 letter unequivocally manifested LNV's intent to abandon the previous acceleration. Graham acknowledged that she received the letter. Graham presented no summary-judgment evidence that she had relied to her detriment on the acceleration of the note or that she objected to LNV's June 4, 2015 rescission of that acceleration. As a result, the four-year limitations period under Texas Civil Practice and Remedies Code section 16.035 ceased to run on June 5, 2014, and the note and deed of trust were restored to their original terms. The trial court did not err in concluding that the foreclosure was not barred by limitations by virtue of the October 3, 2010 notice of acceleration. The trial court properly rendered judgment denying Graham's request for a declaration that the foreclosure sale was void and that she was the owner of the Property. We overrule Graham's first and second issues. We need not address Graham's third issue challenging LNV's alternate ground for summary judgment based on res judicata.

## CONCLUSION

The trial court correctly concluded that, as a matter of law, LNV's foreclosure of the real property lien was not barred by limitations. Consequently, we affirm the trial court's take-nothing summary judgment in LNV's favor without considering the propriety of summary judgment on any other basis. *See* Tex. R. App. P. 47.1.

10

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   October 26, 2016