

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00119-CV

RICK EMMERT                                                      APPELLANT

V.

WILMINGTON SAVINGS FUND                                          APPELLEE
SOCIETY, FSB, D/B/A CHRISTIANA
TRUST, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS
INDENTURE TRUSTEE FOR ARLP
SECURITIZATION TRUST, SERIES
2015-1

----------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 236-272430-14

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

Appellant Rick Emmert appeals from the trial court's judgment of foreclosure. After Emmert defaulted on a note secured by a deed of trust on his home, the noteholder, Appellee Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust (Wilmington), Not in Its Individual Capacity but Solely as Indenture Trustee for ARLP Securitization Trust, Series 2015-1 (ARLP),[2] brought an action for judicial foreclosure. The trial court granted summary judgment for the Lender and rendered a judgment of foreclosure. In two issues, Emmert argues that the trial court erred by granting judgment for the Lender because the action was barred by limitations and because the Lender failed to accelerate the note. We affirm.

## I.    Background Facts

In 2008, Emmert borrowed $600,000 from the Lender under a home equity loan. *See* Tex. Const. art. XVI, § 50(a)(6). The note was secured by a deed of trust.

On September 14, 2010, a law firm representing the Lender sent Emmert a notice of default and intent to accelerate. Then, on February 24, 2011, the law

---

[2]The note at issue in this case was assigned multiple times, including once during the pendency of this suit. Emmert obtained the home equity loan from Wachovia Mortgage, FSB. By merger, Wells Fargo Bank, N.A., became the successor to Wachovia. In August 2012, Wells Fargo assigned the deed of trust to U.S. Bank National Association (U.S. Bank), as trustee for Stanwich Mortgage loan trust series 2012-9 (Stanwich Mortgage). U.S. Bank, as trustee, assigned the note and deed of trust to Wilmington, as trustee for ARLP. Therefore, to avoid confusion, we will refer to the noteholders and previous mortgage servicer collectively herein as "the Lender."

firm sent Emmert a notice that the Lender had accelerated the maturity of the debt.

The Lender filed this action for judicial foreclosure on June 4, 2014. It subsequently filed a motion for summary judgment, to which it attached as evidence the note, the deed of trust, the September 14, 2010 notice of default and intent to accelerate, and the February 24, 2011 notice of acceleration, along with a business records affidavit from the Lender's mortgage servicer.

Emmert filed a response asserting the defense of limitations. Emmert argued that there was, at the least, a fact issue about whether the true acceleration notice for limitation purposes was the February 24, 2011 notice of acceleration relied on by the Lender or a previous, February 12, 2010 notice of acceleration.

The trial court granted summary judgment for the Lender. However, the deed of trust had been assigned during the pendency of the suit, and the trial court vacated the judgment at the Lender's request so that it could substitute the correct noteholder plaintiff. The trial court granted the Lender's motion to substitute the plaintiff, and the Lender filed an amended motion for summary judgment relying on the same evidence. The trial court again granted the motion and signed an order of judicial foreclosure. Emmert now appeals.

## II.    Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the

3

light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010), *cert. denied*, 562 U.S. 1180 (2011); *see* Tex. R. Civ. P. 166a(b), (c).

## III.    Analysis

Emmert raises two issues challenging the summary judgment for the Lender. His first issue argues that the Lender's suit is barred by the statute of limitations applicable to foreclosure actions. His second issue argues that the Lender's suit was barred because it failed to accelerate the note.

## A.    The Lender's Suit Is Not Barred by Limitations.

The Lender initially accelerated the note in February 2010, and under Emmert's first issue, he relies on that fact and asserts that pursuant to a Rule 11 agreement between the Lender and Emmert's wife, the Lender never rescinded that acceleration, thus making this suit outside the limitations period. We disagree with Emmert.

4

A four-year statute of limitations applies to the Lender's foreclosure action. *See Burney v. Citigroup Glob. Markets Realty Corp.*, 244 S.W.3d 900, 903 (Tex. App.—Dallas 2008, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a) (West 2002)). The limitations period begins to run on the date of acceleration. *See id.* (stating that a cause of action to recover real property or to foreclose accrues and the statute of limitations begins to run from an installment note's maturity date or the date of acceleration). When this four-year period expires, the real-property lien becomes void. *See Grady v. Nationstar Mortg., LLC*, No. 02-16-00481-CV, 2017 WL 5618690, at *3 (Tex. App.—Fort Worth Nov. 22, 2017, no pet.) (mem. op.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.035(d)).

Emmert's summary judgment evidence included a notice of acceleration that the Lender sent to the Emmerts on February 12, 2010. Based on that notice, Emmert argues that summary judgment for the bank was improper.

The Lender filed this suit on June 4, 2014, which was more than four years from the initial February 12, 2010 notice of acceleration. However, that fact does not establish Emmert's limitations defense as a matter of law because the Lender's summary judgment evidence included evidence that it abandoned its February 12, 2010 acceleration.

"Texas appellate courts have held that the holder of a note who has exercised its option to accelerate may **unilaterally** abandon acceleration of the note so long as the borrower neither detrimentally relied on the acceleration nor

5

objected to the abandonment of the acceleration." *Graham v. LNV Corp.*, No. 03-16-00235-CV, 2016 WL 6407306, at *3 (Tex. App.—Austin Oct. 26, 2016, pet. denied) (mem. op.) (emphasis added) (citations omitted). The note holder may waive or abandon acceleration by agreement or by action. *Id.*; *see also Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 356 (Tex. App.—Houston [1st Dist.] 2012, no pet.). "Although more recent cases refer to the rescission of acceleration as abandonment, the underlying concept is based on waiver." *NSL Prop. Holdings, LLC v. Nationstar Mortg., LLC*, No. 02-16-00397-CV, 2017 WL 3526354, at *3 (Tex. App.—Fort Worth Aug. 17, 2017, pet. denied) (mem. op.); *cf. Dallas Joint Stock Land Bank v. King*, 167 S.W.2d 245, 247 (Tex. Civ. App.—Fort Worth 1942, writ ref'd) ("[A]fter a note has been declared all due under a provision giving the holder the option to do so, [the holder may] waive or rescind such action so as to reinstate the note and make it payable again according to its original terms."); *Manes v. Bletsch*, 239 S.W. 307, 308 (Tex. Civ. App.—Austin 1922, no writ) ("Appellant contends that, having already exercised his option, the same was irrevocable. This may be true as against the will of the payer, but, where the payer is not objecting to the recall of such option, we can see no reason why the payee could not revoke the same as well as not to have exercised it in the beginning."). "Although waiver is ordinarily a question of fact, when the facts and circumstances are admitted or clearly established, the question becomes one of law." *Motor Vehicle Bd. of Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n*, 1 S.W.3d 108, 111 (Tex. 1999).

The Lender's summary judgment evidence included a September 14, 2010 notice of default and intent to accelerate. This notice told the Emmerts: (1) that the loan was in default; (2) that Emmert needed to make payments "of all sums necessary to bring such loan current according to [its] terms," which was $67,806.99 plus interest and additional charges; (3) that if they failed to cure the default within thirty days, "the Mortgage Servicer **will accelerate** the maturity date of the Note evidencing the loan and declare all sums due thereunder immediately due and payable," and "[t]he property will then be scheduled for foreclosure sale"; and (4) that Emmert had the right to reinstate after acceleration. [Emphasis added.] The notice contained no language evidencing an intent not to abandon acceleration.

This court recently held that a similar notice, "which is replete with language inconsistent with the then-present right to foreclose—compels the conclusion that the lender abandoned the acceleration." *NSL Prop. Holdings*, 2017 WL 3526354, at *5 (footnote omitted); *see also Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015) (holding that lender's second notice of default—which informed the debtors that the total amount necessary to bring their loan current was the amount due under the original terms of the note and that it would accelerate the maturity date of the loan if the debtors failed to pay this amount—"**unequivocally** manifested an intent to abandon the previous acceleration" (emphasis added)). We reach the same conclusion here. The Lender's September 14, 2010 notice of default and intent to accelerate

7

constituted an unequivocal abandonment of its prior February 12, 2010 acceleration. Accordingly, the limitations period began to run as of the Lender's subsequent acceleration on February 24, 2011, and the Lender therefore filed this suit within the four-year limitations period.

Emmert hotly contests the Lender's waiver of acceleration. To do so, he relies on a Rule 11 agreement reached by the parties in a separate suit from 2010 regarding the sending of notices to Emmert's wife, Diana Emmert. *See* Tex. R. Civ. P. 11.[3] Though he does not explain the context for the Rule 11 agreement in his brief, in Emmert's summary judgment response, he alleged that in March 2010, the Lender filed a petition against him and Diana for expedited foreclosure in the 352nd district court of Tarrant County. Diana was not a signatory on the note, and the Lender did not send notices to her. The parties in that suit agreed via Rule 11 that the Lender would send notices to Diana before any hearing. Then, according to Emmert's summary judgment response, the Lender voluntarily dismissed the suit in December 2010.[4] In February 2011, the Lender sent notices of acceleration to Diana and Emmert.

---

[3]Rule 11 of the Texas Rules of Civil Procedure provides: "Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

[4]The appellate record does not include the dismissal order, but the Lender agrees that this suit was dismissed.

On appeal, Emmert argues that in the Rule 11 agreement from the 2010 expedited foreclosure action in the 352nd district court, "[i]t was agreed that the lienholder would send the required notices to Diane Emmert only," and "[i]t was not part of the agreement to resend notice to Rick Emmert. Therefore, the debt, as to Rick Emmert, was accelerated on 2-10-2010." He further argues that "by stating specifically on the Rule 11 Agreement that only Diane Emmert would get the required notices . . . , it shows that Emmert objected to a Rescission of the notices that were sent to him."

We disagree. Indeed, the docket sheet for the suit in the 352nd district court has the following notation indicating the Rule 11 agreement between the parties:

> Hrg on appl. for exp foreclosure—atty for both sides appeared & agreed that applicant would serve all required notices on resp. Diana Emmert (only served Rick Emmert, the debtor) and meanwhile parties would attempt a work-out of the debt; hrg will be R/S if parties fail to reach agreement & after D.E. receives notices.

Even assuming that this Rule 11 agreement—made in a different suit in a different court—would bind the parties after dismissal of the case and in this subsequent suit, the court's notation indicates only that the parties would hold off on a hearing on the foreclosure suit while (1) the parties attempted to work out the debt and (2) the Lender sent Diana all required notices. It states that Diana had not been served previously, but it does not express an agreement that the Lender would serve *only* Diana with any notices going forward, that Emmert did not agree to be served with any notices going forward, or that Emmert objected

9

to any rescission the Lender might send him.  To the extent the parties had any such agreement, this docket sheet notation is no evidence of it.  We overrule Emmert's first issue.

**B.     The Lender Accelerated the Note.**

In his second issue, Emmert argues that the Lender's failure to accelerate the Note before obtaining judicial foreclosure estopped it from foreclosing on the property.  Although the phrasing of his issue raises estoppel, his argument is one of sufficiency—that the Lender's summary judgment evidence failed to establish that it accelerated the note.  Emmert bases his argument on a notice the Lender sent the Emmerts on April 4, 2014, rescinding the note's acceleration.

The Emmerts responded to the rescission notice with a letter, dated April 23, 2014, objecting to and rejecting the rescission.  Whether a lender may unilaterally waive acceleration over the objection of the debtor is a question that the Texas supreme court has yet to address.  *See Callan v. Deutsche Bank Tr. Co. Ams.*, 93 F. Supp. 3d 725, 727–37 (S.D. Tex. 2015), *appeal dism'd as moot*, 654 Fed. Appx. 171 (5th Cir. 2016) (thoroughly discussing Texas law on unilateral rescission of acceleration).  Texas courts of appeals, on the other hand, have long held that a lender may unilaterally abandon acceleration *if* the borrower has not objected or detrimentally relied on the acceleration.  *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015) ("Texas' intermediate appellate courts are in agreement that the holder of a note may unilaterally abandon acceleration after its exercise, *so long[ ] as* the borrower neither objects

10

to abandonment nor has detrimentally relied on the acceleration." (emphasis added) (collecting cases)). We need not address the question because the filing of suit itself may constitute notice of acceleration. *See Meadowbrook Gardens, Ltd. v. WMFMT Real Estate Ltd. P'ship*, 980 S.W.2d 916, 919 (Tex. App.—Fort Worth 1998, pet. denied) (holding that the lender's notice of intent to accelerate coupled with its notice of foreclosure sale amounted to acceleration); *see also Joy Corp. v. Nob Hill N. Props., Ltd.*, 543 S.W.2d 691, 694 (Tex. Civ. App.—Tyler 1976, no writ) (stating that to accelerate, a lienholder must make a formal demand for the payment of the past due amount, give an opportunity to make the payment, and "[d]eclare that the entire debt is due, *or* take some unequivocal action, such as filing suit, which indicates that the entire debt is due" (emphasis added)).

In this case, the Lender gave Emmert notice on September 14, 2010 of its intent to accelerate. If Emmert's notice of objection to the Lender's rescission was effective, then the rescission failed, and the Lender's prior acceleration remained in effect at the time it filed this suit. If Emmert's notice of objection to the Lender's attempt at rescission was ineffective, then the Lender rescinded its prior acceleration, and its filing of this suit constituted notice of acceleration. Under either circumstance, the evidence establishes that the Lender accelerated the note. We therefore overrule Emmert's second issue.

11

## IV.    Conclusion

Having overruled both of Emmert's issues, we affirm the trial court's judgment of foreclosure.

/s/ Mark T. Pittman
MARK T. PITTMAN
JUSTICE

PANEL:  KERR, PITTMAN, and BIRDWELL, JJ.

DELIVERED:  February 22, 2018