# NO. 12-20-00022-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERESA GRAHAM,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | | |
| *DITECH FINANCIAL, LLC, AURORA*<br>*CAMPOS, JONATHAN HARRISON,*<br>*MARKCOS PINEDA, RAMIRO*<br>*CUEVAS, PATRICK ZWIERS,*<br>*KRISTOPHER HOLUB, RANDY*<br>*DANIEL, CINDY DANIEL, JIM*<br>*O'BRYANT, SHARON ST. PIERRE,*<br>*ROBERT LAMONT, SHERYL*<br>*LAMONT, HARRIETT FLETCHER,*<br>*DAVID SIMS AND SHAWN*<br>*SCHILLER,* | § | *JUDICIAL DISTRICT COURT* |
| *APPELLEES* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Teresa Graham appeals from a summary judgment granted in favor of Ditech Financial LLC, Aurora Campos, Jonathan Harrison, Markcos Pineda, Ramiro Cuevas, Patrick Zwiers, Kristopher Holub, Randy Daniel, Cindy Daniel, Jim O'Bryant, Sharon St. Pierre, Robert Lamont, Sheryl Lamont, Harriett Fletcher, David Sims, and Shawn Schiller (collectively Ditech). In two issues, she contends she was not given proper pre-foreclosure notice and the trial court erred in failing to determine the amount of the remaining mortgage balance. We affirm.

### BACKGROUND

In 2004, Graham purchased a house, executing a note in the amount of $63,000, secured by a deed of trust. Beginning January 2014, Graham stopped making her monthly payments on the note. The house was destroyed by fire in July 2015. Ditech, the current holder of the note,

sent Graham a notice of default by certified mail, dated October 20, 2015, giving her thirty days to cure the default, and warning that otherwise the loan would be accelerated with full payment due. In April 2016, Graham's insurance company, Texas Farm Bureau, sent a check to Ditech for $40,603, the amount it believed to be the pay-off amount. Ditech did not apply the insurance funds to Graham's account. On June 15, 2016, Ditech sent Graham a notice of acceleration of her loan advising her that a foreclosure sale would take place on August 2, 2016. This sale did not occur. On August 7, 2017, Ditech sent a second notice of acceleration advising her that the foreclosure sale would be held on September 5, 2017. In response, Graham filed suit to enjoin the sale. She asserted a cause of action for breach of contract, alleging that Ditech failed to provide the notice required by the deed of trust. Because Ditech failed to credit her account with the insurance proceeds, Graham requested a declaratory judgment stating the remaining loan balance, if any.

Ditech moved for summary judgment asserting that it complied with all notice requirements and that it applied all payments it received to the note. After a hearing, the trial court granted the motion, ordered that Graham take nothing, and dismissed her claims.

## SUMMARY JUDGMENT

In her first issue, Graham asserts the trial court erred in granting summary judgment for Ditech because she raised a fact issue as to whether she received the required notice. She argues that, although Ditech sent a notice of default and intent to accelerate in October 2015, Ditech abandoned the foreclosure process as evidenced by its failure to conduct the scheduled August 2016 foreclosure sale. Therefore, Graham contends, the 2015 notice of default and intent to accelerate cannot act as notice with respect to the second notice of acceleration and foreclosure which Ditech sent in 2017. She asserts that Ditech was required to send a new notice of default and intent to accelerate before the 2017 notice of acceleration and foreclosure.

### Standard of Review

We review the trial court's decision to grant summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact concerning one or more essential elements of the plaintiff's claims and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *M.D. Anderson Hosp. and*

2

*Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *Id*. Review of a summary judgment requires the evidence be viewed in the light most favorable to the nonmovant. *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015). In reviewing the record, we indulge every reasonable inference in favor of the nonmovant and resolve any doubts in favor of the nonmovant. *Id*.

## Analysis

Graham's breach of contract claim is based on an alleged violation of paragraph 22 of the Deed of Trust. Complaining of the lengthy time period between the original planned foreclosure process of October 2015 and the second scheduled foreclosure sale of September 2017, Graham argues that Ditech was required to send a second notice of default and intent to accelerate.

The Deed of Trust requires all notices in connection with the security instrument be in writing. Further, it provides that any notice to Borrower "shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." Regarding acceleration, the Deed of Trust provides as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. . . . If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.
> If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by Applicable Law.

As summary judgment evidence, Ditech presented a copy of the 2015 notice of default explaining that Graham was in default for failure to submit monthly payments due January 2014 through October 2015, giving her thirty days to cure the default, and warning her that if she fails to cure within thirty days "the maturity of the loan is accelerated and full payment of all amounts due under the loan agreement is required without further notice from [Ditech]." Ditech also

3

submitted an affidavit of a Ditech employee, Francisco Fontes, attesting to the fact that Graham was provided with a notice of default and an opportunity to cure her default on October 20, 2015, sent by certified mail. Fontes stated that Graham did not cure her default and a notice of acceleration was sent to her on August 7, 2017. An exhibit to the affidavit shows that, as of August 21, 2017, the total amount needed to pay off the note was $62,681.76. It also shows that, of that total, the unpaid principal balance owed was $40,603.

The interpretation of a deed of trust is governed by the same rules applied to contracts. *Fin. Freedom Senior Funding Corp. v. Horrocks*, 294 S.W.3d 749, 753 (Tex. App.—Houston [14th Dist.] 2009, no pet.). In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). Contract terms are given their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense. *Id*. The essential elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *See B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

The Deed of Trust required written notice of default "prior to acceleration." It does not specify how far in advance of acceleration is acceptable or identify a time that is too far in advance. The Deed of Trust provides that the notice will specify a date by which Graham must cure the default, and if she does not do so by that date, Ditech may require immediate payment in full "without further demand," and may invoke its remedy of foreclosure. The Deed of Trust did not require Ditech to send another notice of default. *See Stoker v. Select Portfolio Servicing, Inc.*, No. 3:19-cv-00909-N-BT, 2020 WL 1427036, at *4 (N.D. Tex. Mar. 5, 2020). The record shows that the notice of default was sent in compliance with the terms of the Deed of Trust. Accordingly, Ditech met its burden to prove entitlement to judgment as a matter of law on Graham's breach of contract claim. *See Willrich*, 28 S.W.3d at 23.

Graham contends that Ditech's actions were inconsistent with foreclosure, indicating that it abandoned the foreclosure process that it began in 2015. She bases this argument on the fact that Ditech did not follow through with the foreclosure sale scheduled for August 2016 and, although it acknowledged receipt of the insurance payment, it continued to charge her interest

and other fees and send her statements. Abandonment, she contends, required Ditech to send her a new notice of default and intent to foreclose. Thus, Graham contends there is an issue of material fact as to whether Ditech complied with the notice provisions of the Deed of Trust.

A note holder who exercises its option to accelerate may later abandon acceleration and return the contract to its original terms. *See Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The holder may provide notice to the borrower that expressly states it is abandoning the acceleration. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.038 (West Supp. 2020). In the absence of an express notice of rescission of acceleration, the lender may show abandonment of acceleration by conduct. *Pitts v. Bank of New York Mellon Trust Co.*, 583 S.W.3d 258, 262 (Tex. App.—Dallas 2018, no pet.) (op. on reh'g). The issue of abandonment of acceleration is based on traditional principles of waiver. *See id*; *Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. Civ. App.—Tyler 1974, no writ). The elements of waiver are (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with this right. *See Denbina*, 516 S.W.2d at 463. Waiver can occur either expressly, through a clear repudiation of the right, or impliedly. *See G.T. Leach Builders, LLC v. Sapphire V.P., L.P.*, 458 S.W.3d 502, 511 (Tex. 2015).

The October 20, 2015 notice of default explained that Graham could cure the default by paying $12,053.16 within thirty days and, if she did so, she could continue with the contract as though she did not default. It went on to explain that if she did not cure the default within thirty days, Ditech "may exercise any or all of [its] remedies provided by law and in [Graham's] Note," including "foreclosure on the real property securing the loan." A March 2, 2017 letter from Ditech's representative, Sterling Claims Management, to Texas Farm Bureau acknowledged receipt of the check for $40,603, stating that amount represents the unpaid principal balance of the loan. The letter explained that $40,603 is not the total debt. The total amount due as of that date was $60,952.66, which includes additional funds due and owing. The August 7, 2017 notice of maturity and acceleration declared "the entire balance of the loan due and payable in full." Ditech presented records containing the payoff calculation, and on August 21, 2017 it was $62,681.76. The notice of default, letter regarding the insurance proceeds, and notice of acceleration contain language evidencing an existing right, Ditech's knowledge of that right, and an intent to retain the right to accelerate. *See Denbina*, 516 S.W.2d at 463. The evidence

conclusively established that Ditech did not intend to abandon acceleration, and it did not engage in any conduct inconsistent with its right to accelerate the note's maturity date. Graham did not raise a fact issue regarding abandonment of acceleration. *See Willrich*, 28 S.W.3d at 23. We overrule Graham's first issue.

## DECLARATORY JUDGMENT

In her second issue, Graham contends the trial court erred in failing to consider her request for declaratory judgment to determine the amount, if any, of the remaining mortgage balance. She complains that she was never given credit for the April 2016 payment made on her behalf by Texas Farm Bureau. Once credited with that payment, her argument continues, the amount owed, if any, will be only a small fraction of what Ditech is claiming.

A person interested under a written contract, whose rights are affected, may have determined any question of construction or validity arising under the instrument and obtain a declaration of rights, status, or other legal relations thereunder. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (West 2020). A declaratory judgment is appropriate only if a justiciable controversy exists concerning the rights and status of the parties and the controversy will be resolved by the declaration sought. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). The court may refuse to render or enter a declaratory judgment or decree if the judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding. TEX. CIV. PRAC. & REM. CODE ANN. § 37.008. The entry of a declaratory judgment rests within the sound discretion of the trial court. *See Wheelbarger v. Landing Council of Co-Owners*, 471 S.W.3d 875, 894 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

The controversy giving rise to this lawsuit involved Ditech's authority to foreclose. Graham sued Ditech to stop the foreclosure sale based on her argument that she did not receive proper notice. The amount she owes on the note, if any, is not relevant to the question of whether Ditech is entitled to proceed with the foreclosure. In other words, there is not a current controversy involving the amount owed. *See Beadle*, 907 S.W.2d at 467.

Moreover, the amount, if any, that Graham will owe is speculative at this point. There is a statutory scheme anticipating litigation to determine the amount owed, to be instituted after the foreclosure sale. *See* TEX. PROP. CODE ANN. § 51.003 (West 2014).

The Deed of Trust provides that, if the lender acquires the property under Section 22 or otherwise, Graham must assign to the lender her rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the note. Thus, Ditech has a contractual right to apply the insurance proceeds to the amount of the note. This right is applied in conjunction with a foreclosure sale, if pursued by the lender.

A foreclosure under a deed of trust has the effect of reducing the indebtedness owed by the mortgagor by the amount paid for the property at foreclosure. *See Peacock Hospitality, Inc. v. Ass'n Cas. Ins. Co.*, 419 S.W.3d 649, 653 (Tex. App.—San Antonio 2013, no pet.). If the foreclosure fully satisfies the mortgage debt, the mortgagee no longer has a right to any of the insurance proceeds paid for a pre-foreclosure loss. *Id*. If a deficiency remains following the foreclosure, the mortgagee retains a right, but only to the amount of the insurance proceeds necessary to satisfy the deficiency. *Id*. After the foreclosure sale, if Ditech does not receive an amount sufficient to satisfy the debt, Ditech may sue Graham for a deficiency judgment. *See* Tex. Prop. Code Ann. § 51.003(a). During the deficiency suit, the amount of the deficiency, if any, will be determined. *See* Tex. Prop. Code Ann. § 51.003; *PlainsCapital Bank v. Martin*, 459 S.W.3d 550, 555 (Tex. 2015); *see also Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, 4 (Tex. 2014) (The deficiency judgment is based on "the amount of the note, interest and attorney's fees, less the amount received at the trustee sale and other legitimate credits.").

It is currently only speculation that the foreclosure sale would result in an amount insufficient to cover the deficiency. It is only after the foreclosure sale, and after the insurance proceeds are appropriately applied, that the court can determine the amount Graham owes. Courts may not make declarations on matters based on speculative, hypothetical, or contingent situations. *See Limon v. State*, 947 S.W.2d 620, 624 (Tex. App.—Austin 1997, no writ). The trial court did not abuse its discretion in dismissing Graham's claim for a declaratory judgment. We overrule Graham's second issue.

## DISPOSITION

Having overruled both of Graham's issues, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

7

Opinion delivered March 31, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2021**

**NO. 12-20-00022-CV**

**TERESA GRAHAM,**
Appellant
V.
**DITECH FINANCIAL, LLC, AURORA CAMPOS, JONATHAN HARRISON, MARKCOS PINEDA, RAMIRO CUEVAS, PATRICK ZWIERS, KRISTOPHER HOLUB, RANDY DANIEL, CINDY DANIEL, JIM O'BRYANT, SHARON ST. PIERRE, ROBERT LAMONT, SHERYL LAMONT, HARRIETT FLETCHER, DAVID SIMS AND SHAWN SCHILLER,**
Appellees

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. CV17-0420-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **TERESA GRAHAM**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*